Caroline Larsen, SBN 022547
Justin B. Caresia, SBN 034007
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., #00504800
2415 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
caroline.larsen@ogletree.com
justin.caresia@ogletree.com

Attorneys for Defendant
Airport Terminal Services, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| D'Andrea Michelle Turner,<br><br>    Plaintiff,<br><br>vs.<br><br>Airport Terminal Services; Jeff Luetkenhaus; and Issa Tajadin,<br><br>    Defendants. | No. CV-20-00775-PHX-SMB<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES INC.S' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL** |

Defendant Airport Terminal Services, Inc. ("ATS") answers Plaintiff D'Andrea Turner's First Amended Complaint and Request for Jury Trial ("FAC") (Doc. 17) as follows:

ATS denies all of the allegations in the unnumbered preliminary paragraphs on pages 1-2 of the FAC.

**I. Parties, Jurisdiction, and Venue**

1. ATS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the FAC, and therefore denies the same.

2. Upon information and belief, ATS admits the allegations in paragraph 2 of the FAC.

3. ATS admits the allegations in paragraph 3 of the FAC.

4. ATS admits the allegations in paragraph 4 of the FAC.

5. ATS admits that it employed Issa Tajadin, a male, at times relevant to this action. ATS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the FAC and therefore denies the same.

6. ATS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the FAC, and therefore denies the same.

7. ATS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the FAC, and therefore denies the same.

8. ATS admits that it employed Plaintiff in Maricopa County, Arizona. ATS denies the acts complained of occurred as alleged in the FAC, and denies all remaining allegations in paragraph 8 of the FAC.

9. ATS admits this Court has subject matter jurisdiction over the claims alleged in the FAC.

10. ATS admits the allegations in paragraph 10 of the FAC.

11. ATS admits the allegations in paragraph 11 of the FAC.

12. ATS admits the allegations in paragraph 12 of the FAC.

## II. Facts

13. ATS incorporates its responses to paragraphs 1-12 of the FAC as if fully set forth herein. Paragraph 13 of the FAC does not contain any other allegations to which ATS need respond.

14. Upon information and belief, ATS admits the allegations in paragraph 14 of the FAC.

15. ATS denies the allegations in paragraph 15 of the FAC.

16. Upon information and belief, ATS admits the allegations in paragraph 16 of the FAC.

17. Upon information and belief, ATS denies the allegations in paragraph 17 of the FAC, including subparagraphs a-b.

18. ATS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the FAC, and therefore denies the same.

19. Upon information and belief, ATS denies the allegations in paragraph 19 of the FAC, including subparagraphs a-b.

20. Upon information and belief, ATS denies the allegations in paragraph 20 of the FAC.

21. Upon information and belief, ATS denies the allegations in paragraph 21 of the FAC.

22. ATS denies the allegations in paragraph 22 of the FAC.

23. Upon information and belief, ATS denies the allegations in paragraph 23 of the FAC, including subparagraphs a-d.

24. ATS denies the allegations in paragraph 24 of the FAC.

25. Upon information and belief, ATS denies the allegations in paragraph 25 of the FAC.

26. Upon information and belief, ATS denies the allegations in paragraph 26 of the FAC, including subparagraphs a-c.

27. ATS denies that it denied Plaintiff any requested accommodation. ATS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the FAC, and therefore denies the same.

28. Upon information and belief, ATS admits that Plaintiff took a medical leave of absence in or around June 2019. ATS denies the remaining allegations in paragraph 28 of the FAC.

29. Upon information and belief, ATS denies the allegations in paragraph 29 of the FAC.

30. ATS denies that Plaintiff complained about Issa Tajadin or that ATS forced Plaintiff to reprimand him herself. ATS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the FAC, and therefore denies the same.

3

31. Upon information and belief, ATS denies the allegations in paragraph 31 of the FAC.

32. ATS denies the allegations in paragraph 32 of the FAC.

33. ATS admits that Plaintiff drafted a statement about an incident between her and Issa Tajadin. ATS denies all remaining allegations in paragraph 33 of the FAC.

34. ATS denies the allegations in paragraph 34 of the FAC, including subparagraph a.

35. Upon information and belief, ATS denies the allegations in paragraph 35 of the FAC.

36. Upon information and belief, ATS denies the allegations in paragraph 36 of the FAC.

37. Upon information and belief, ATS denies the allegations in paragraph 37 of the FAC.

38. Upon information and belief, ATS denies the allegations in paragraph 38 of the FAC.

39. ATS admits that Plaintiff and her crew were responsible for cleaning airplanes and worked on the night shift, when many office employees are gone for the day. ATS further admits that the crew enter and exit the planes from doors that are located far off the ground. ATS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the FAC, and therefore denies the same.

40. ATS admits that Plaintiff resigned her employment with ATS on August 25, 2019. ATS denies the remaining allegations in paragraph 40 of the FAC.

41. Upon information and belief, ATS denies the allegations in paragraph 41 of the FAC.

42. ATS denies the allegations in paragraph 42 of the FAC.

43. Upon information and belief, ATS denies the allegations in paragraph 43 of the FAC.

44. ATS denies the allegations in paragraph 44 of the FAC.
45. ATS denies the allegations in paragraph 45 of the FAC.
46. ATS denies the allegations in paragraph 46 of the FAC.

**IV. Demand for Jury Trial**

47. ATS admits that Plaintiff demands a trial by jury.

**Count I**
**Age Discrimination in Employment Act**
**Hostile Work Environment, Retaliation, Termination**
**29 U.S.C. § 623**
**(Against ATS)**

48. ATS avers that 29 U.S.C. § 623(a)(1) speaks for itself.
49. ATS denies the allegations in paragraph 49 of the FAC.
50. ATS denies the allegations in paragraph 50 of the FAC.
51. ATS denies the allegations in paragraph 51 of the FAC.
52. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 52 of the FAC, including subparagraphs A-E.

**Count II**
**Americans with Disabilities Act**
**Failure to Provide Reasonable Accommodations**
**Termination**
**42 U.S.C. §§ 12112(a) and (b)(5)(A)**
**Retaliation**
**42 U.S.C. § 12203(a)**
**(Against ATS)**

53. ATS incorporates its responses to paragraphs 1-52 of the FAC as if fully set forth herein.
54. ATS avers that 42 U.S.C. § 12112(a) speaks for itself.
55. ATS avers that 42 U.S.C. § 12112(b)(5)(A) speaks for itself.
56. ATS avers that 42 U.S.C. § 12203(a) speaks for itself.

5

57. Paragraph 57 of the FAC states legal conclusions to which no response is required. To the extent a response is required, ATS denies the allegations in paragraph 57 of the FAC.

58. ATS denies the allegations in paragraph 58 of the FAC.

59. ATS denies the allegations in paragraph 59 of the FAC.

60. ATS denies the allegations in paragraph 60 of the FAC.

61. ATS denies the allegations in paragraph 61 of the FAC.

62. ATS denies the allegations in paragraph 62 of the FAC.

63. ATS denies the allegations in paragraph 63 of the FAC.

64. ATS denies the allegations in paragraph 64 of the FAC.

65. ATS denies the allegations in paragraph 65 of the FAC.

66. ATS denies the allegations in paragraph 66 of the FAC.

67. ATS denies the allegations in paragraph 67 of the FAC.

68. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 68 of the FAC, including subparagraphs A-G.

69. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 69 of the FAC.

**Count III**
**Title VII**
**Discrimination Based Upon Sex**
**Disparate Treatment – Hostile Work Environment**
**42 U.S.C. § 2000e-2(a)(1)**
**(Against ATS)**

70. ATS incorporates its responses to paragraphs 1-69 of the FAC as if fully set forth herein.

71. ATS denies the allegations in paragraph 71 of the FAC.

72. ATS denies the allegations in paragraph 72 of the FAC.

73. ATS denies the allegations in paragraph 73 of the FAC.

74. ATS denies the allegations in paragraph 74 of the FAC.

75. ATS denies the allegations in paragraph 75 of the FAC.

76. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 76 of the FAC, including subparagraphs A-G.

**Count IV**
**Title VII**
**Retaliation for Reporting Sex or Race Based Discrimination**
**42 U.S.C. § 2000e-3(a)**
**(Against ATS, Issa Tajadin)**

77. ATS incorporates its responses to paragraphs 1-76 of the FAC as if fully set forth herein.

78. ATS denies the allegations in paragraph 78 of the FAC.

79. ATS denies the allegations in paragraph 79 of the FAC.

80. ATS denies the allegations in paragraph 80 of the FAC.

81. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 81 of the FAC, including subparagraphs A-F.

**Count V**
**Discrimination Based on Race**
**Disparate Treatment and Hostile Work Environment**
**42 U.S.C. § 1981**
**(Against ATS and Issa Tajadin)**

82. ATS incorporates its responses to paragraphs 1-81 of the FAC as if fully set forth herein.

83. ATS denies the allegations in paragraph 83 of the FAC.

84. ATS denies the allegations in paragraph 84 of the FAC.

85. ATS denies the allegations in paragraph 85 of the FAC.

86. ATS denies the allegations in paragraph 86 of the FAC.

87. ATS denies the allegations in paragraph 87 of the FAC.

88. ATS denies the allegations in paragraph 88 of the FAC.

89. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 89 of the FAC, including subparagraphs A-E.

**Count VII**
**Retaliation**
**Disparate Treatment and a Hostile Work Environment**
**42 U.S.C. § 1981**
**(Against ATS, Issa Tajadin, and Jeff Luetkenhaus)**

90. ATS incorporates its responses to paragraphs 1-89 of the FAC as if fully set forth herein.

91. ATS denies the allegations in paragraph 91 of the FAC.

92. ATS denies the allegations in paragraph 92 of the FAC.

93. ATS denies the allegations in paragraph 93 of the FAC.

94. ATS denies the allegations in paragraph 94 of the FAC.

95. ATS denies the allegations in paragraph 95 of the FAC.

96. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 96 of the FAC, including subparagraphs A-E.

**Count VIII**
**Assault**
**(Against ATS and Issa Tajadin)**

97. ATS incorporates its responses to paragraphs 1-96 of the FAC as if fully set forth herein.

98. ATS denies the allegations in paragraph 98 of the FAC.

99. ATS denies the allegations in paragraph 99 of the FAC.

100. ATS denies the allegations in paragraph 100 of the FAC.

101. ATS denies the allegations in paragraph 101 of the FAC.

102. ATS denies the allegations in paragraph 102 of the FAC.

103. ATS denies that Plaintiff is entitled to any of the relief requested in paragraph 103 of the FAC, including subparagraphs a-h.

8

**GENERAL DENIAL**

ATS denies all allegations and inferences of the FAC that are not expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and denies causing any recoverable damage to Plaintiff, as alleged in the FAC or at all.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's FAC fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust all required administrative remedies and fulfill all conditions precedent to filing suit.

3. Plaintiff's claims may be barred, in whole or in part, to the extent they rely upon alleged conduct that occurred outside of the statute of limitations.

4. Plaintiff's claims may be barred, in whole or in part, because ATS had policies against unlawful harassment, discrimination, and retaliation in place and took reasonable care to prevent and promptly correct any unlawful behavior.

5. To the extent Plaintiff adequately complained of allegedly unlawful harassing, discriminatory, or retaliatory actions, ATS undertook a prompt investigation and took prompt, appropriate, and effective remedial action.

6. Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to reasonably utilize preventative and corrective measures provided by ATS or to otherwise avoid harm.

7. If any improper, illegal, or discriminatory act was taken by any employee of ATS against Plaintiff, it was done outside the course and scope of that employee's employment, contrary to ATS' policies, and was not ratified, confirmed, or approved by ATS. Thus, any such actions cannot be attributed or imputed to ATS.

8. Plaintiff's claims are barred, in whole or in part, because ATS had legitimate, non-discriminatory, and non-retaliatory reasons for each employment practice or action taken that allegedly adversely affected Plaintiff and ATS was exercising legitimate business judgment in taking such actions.

9

9. Plaintiff's claims for damages for mental, emotional, or physical injuries arising out of her employment with ATS or the termination thereof are barred in whole or in part because her sole and exclusive remedy for these alleged harms is the Arizona Workers' Compensation Act.

10. Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act Americans with Disabilities Act of 1990, in that she could not, with or without reasonable accommodations, perform the essential functions of her position.

11. To the extent that a reasonable accommodation could not be made to accommodate Plaintiff's alleged disability, the accommodation requested by Plaintiff constituted an undue hardship.

12. Plaintiff's claims are barred, in whole or in part, to the extent she failed to mitigate any alleged damages.

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, and/or after-acquired evidence.

14. Plaintiff is not entitled to recover punitive damages on her claims because any actions taken by ATS were taken, at all times, in good faith and with reasonable diligence and do not constitute intentional or willful violations of the law.

15. An award of punitive damages against ATS may be limited or barred by the due process and equal protection provisions of the United States Constitution and Arizona Constitution.

16. ATS reserves the right to add additional affirmative defenses, allegations, and/or denials consistent with Rule 8 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the FAC, ATS prays for relief as follows:

1. That Plaintiff's FAC be dismissed in its entirety, with prejudice;

2. That Plaintiff take nothing by this action and that judgment be entered against Plaintiff and in favor of ATS;

3. That ATS be awarded its costs and attorneys' fees incurred in defending this action;

4. That ATS be awarded pre- and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

5. That ATS be granted all further relief as the Court may deem just and proper.

DATED this 11th day of December 2020.

                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                              By   s/Caroline Larsen
                                    Caroline Larsen
                                    Justin B. Caresia
                                    2415 E. Camelback Road, Suite 800
                                    Phoenix, Arizona 85016
                                    Attorneys for Defendant Airport Terminal Services, Inc.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of December 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I also hereby certify that on the same date, I served the attached document by U.S. mail and e-mail on:

D'Andrea Michelle Turner
3842 W. Glendale
Phoenix, AZ 85051
dandreat75@gmail.com
Plaintiff Pro Per

s/Bernadette Young

45002529.1