Caroline Larsen, SBN 022547
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2415 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Tel.: 602.778.3700
Fax: 602.778.3750
caroline.larsen@ogletree.com

*Attorney for Defendant Airport Terminal Services, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner,<br><br>Plaintiff,<br><br>vs.<br><br>Airport Terminal Services, Inc.; Jeff Luetkenhaus; and Issa Tajadin,<br><br>Defendants. | No. CV-20-00775-PHX-SMB<br><br>**DEFENDANT'S CASE MANAGEMENT REPORT** |

Defendant Airport Terminal Services, Inc. ("ATS") hereby submits a Case Management Report pursuant to the Court's December 14, 2020 Order Setting Rule 16 Case Management Conference (Doc. 21) and Federal Rules of Civil Procedure 16 and 26(f). Plaintiff never initiated the Rule 26(f) meeting or preparation of a joint Case Management Report, as ordered by this Court. Counsel for ATS provided a draft of the Case Management report to Plaintiff and solicited her input, but did not receive a response prior to the deadline for filing.

**1.   Parties who attended the Rule 26(f) meeting and assisted in developing Case Management Report.**

Defendant: Caroline Larsen

**2.   List of parties in the case including any parent corporations or entities**

Plaintiff: D'Andrea Michelle Turner

Defendant: Airport Terminal Services, Inc.; Jeff Luetkenhaus; and Issa Tajadin

**3.    Short statement of the nature of the case**

Defendant Airport Terminal Services, Inc.:

Plaintiff is a former employee of ATS. In August 2019, during a night shift while cleaning a plane, Plaintiff alleges that she was assaulted by one of her subordinates, Defendant Issa Tajadin ("Tajadin"). According to Plaintiff, Tajadin yelled at her, called her names, and pushed her, causing her to hit her head on a seat. According to Tajadin, Plaintiff was screaming at him and tried to grab a vacuum out of his hand. Plaintiff alleges that she immediately reported the incident to ATS and expressed her desire to call the police, but was discouraged from doing so.

Plaintiff claims that, after the altercation, she received a written warning for previous incidents of aggressive interactions with other employees. Additionally, Plaintiff objects that she and Tajadin were later scheduled to work together on the same shift. On August 25, 2019, Plaintiff voluntarily tendered her resignation.

On January 2, 2020, Plaintiff filed a charge of discrimination with the EEOC, alleging race, sex, age, and disability discrimination and retaliation. ATS thoroughly investigated Plaintiff's purported concerns, and denies she experienced any harassment or retaliation, or that her race, sex, age, or alleged disability played a role in any of the Company's decisions regarding her employment.

**4.    Jurisdictional basis for the case, describing basis for jurisdiction and citing specific jurisdictional statutes.**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's First Amended Complaint asserts violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 623), the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112(a) and 12203(a)). This Court has supplemental jurisdiction over Plaintiff's assault claim pursuant to 28 U.S.C. § 1367.

**5.  Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared.**

On April 24, 2020, the Court instructed Plaintiff to serve Defendants Jeff Luetkenhaus and Issa Tajadin by July 19, 2020 and directed the Clerk of Court to dismiss any party that had not been served by that deadline. Doc. 11. To date, neither Mr. Luetkenhaus nor Mr. Tajadin have been served and, thus, should be dismissed pursuant to Fed. R. Civ. P. 4(m). ATS has been served, and filed an answer to the First Amended Complaint on December 11, 2020 (Doc. 20).

**6.  Statement of whether any party expects to add additional parties to the case or otherwise amend pleadings.**

Defendant does not expect adding additional parties or amending its answer.

**7.  Listing of contemplated motions and statement of the issues and a statement of the issues to be decided by these motions.**

Defendant anticipates filing a motion for summary judgment following the close of discovery regarding whether there is any genuine issue of material fact with respect to Plaintiff's claims and may move for summary judgment on one or more of ATS's affirmative defenses.

**8.  Whether case is suitable for reference to a United States Magistrate Judge for settlement conference or trial.**

Defendant does not believe this case is suitable for reference to a United States Magistrate Judge for trial. As discovery progresses, the parties may seek referral to a Magistrate Judge for a settlement conference.

**9.  Status of related cases pending before other courts or other judges of this Court.**

Defendant is not aware of any related cases pending before other courts or other judges of this Court.

3

**10.  Discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form in which it will be produced**

Defendant does not anticipate any issues relating to the preservation, disclosure, or discovery of electronically stored information.

**11.  Discussion of any issues relating to claims of privilege or work product**

Defendant has not identified, and do not anticipate, any issues related to privilege or work product.

**12.  Discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case**

Defendant does not believe an order under Federal Rule of Evidence 502(d) is warranted in this case.

**13.  Discussion of necessary discovery**

**a.  Extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case:**  ATS anticipates serving written discovery requests on Plaintiff, obtaining any relevant third party records (including any subsequent employer of Plaintiff and Plaintiff's past and/or current health care provider(s)), and deposing Plaintiff. ATS may also depose third parties, including any expert(s) disclosed by Plaintiff. This limited discovery is necessary to fully understand Plaintiff's claims and develop ATS's defenses.

**b.  Suggested changes, if any, to discovery limitations imposed by the Federal Rules of Civil Procedure:**  None.

**c.  The number of hours permitted for each deposition:**  Seven hours.

**14.  Proposed specific dates for each of the following:**

  **a.**  Deadline for completion of fact discovery:  August 27, 2021

  **b.**  Expert deadlines:

   **i.**  Deadline for disclosure of Plaintiff's experts:  March 26, 2021

   **ii.**  Deadline for disclosure of Defendant's experts:  April 30, 2021

   **iii.**  Deadline for rebuttal expert disclosure:  May 28, 2021

4

    **c.**    Deadline for completion of all expert depositions:  July 30, 2021

    **d.**    Deadline for engaging in face-to-face good faith settlement talks: April 30, 2021

    **e.**    Deadline for filing dispositive motions:  October 1, 2021

**15.  Whether jury trial has been requested and whether request for jury trial is contested.**

Plaintiff has requested a jury trial in this matter, which ATS does not contest.

**16.  Prospects for settlement, including any request of the Court for assistance in settlement efforts.**

ATS cannot accurately assess the prospects for settlement at this early stage of the case. However, the parties may request a settlement conference with a Magistrate Judge after completing initial discovery.

**17.  Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

None.

RESPECTFULLY SUBMITTED this 21st day of January 2021.

                                    OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.

                                  By:  s/ Caroline Larsen
                                       Caroline K. Larsen
                                       2415 East Camelback Rd., Ste. 800
                                       Phoenix, AZ 85016
                                       Tel.:  602.778.3700
                                       Fax:  602.778.3750

                                    *Attorney for Defendant Airport Terminal Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of January 2021, I transmitted the foregoing document by email and first-class mail, postage prepaid to:

D'Andrea Michelle Turner
3842 W. Glendale Avenue
Phoenix, AZ 85051
dandreat9@gmail.com

s/ Diane Kelly

45633724.2

6