1  Caroline Larsen, SBN 022547
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  2415 East Camelback Road, Suite 800
   Phoenix, AZ 85016
4  Tel.: 602.778.3700
5  Fax: 602.778.3750
   caroline.larsen@ogletree.com
6
   *Attorney for Defendant Airport Terminal
7  Services, Inc.*

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF ARIZONA**

10 | Dandrea Michelle Turner,                       | No. 2:20-cv-00775-SMB
11 |                                                |
   |              Plaintiff,                        |
12 |                                                |
   |      v.                                        | **MOTION FOR ENTRY OF**
13 |                                                | **PROTECTIVE ORDER**
   | Airport Terminal Services, Inc.; Jeff          |
14 | Luetkenhaus; and Issa Tajadin,                 |
15 |                                                |
   |              Defendant.                        |
16

17         Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Airport Terminal

18  Services, Inc. ("ATS") hereby moves the Court to enter a Protective Order in substantially

19  the form attached hereto as Exhibit "A." In the course of discovery for this litigation, ATS

20  has identified discoverable documents containing personal, confidential, and proprietary

21  non-public information, including but not limited to: (a) confidential policies and

22  procedures implemented by ATS; (b) personnel information and records regarding current

23  and former ATS employees who are not parties to this litigation and who have a reasonable

24  expectation of privacy with respect to their personnel information and records; and (c)

25  treatment and other records from Plaintiff's health care providers. Counsel for ATS

26  provided a draft of this Motion to Plaintiff and requested several times if she would

27  stipulate to seeking a protective order, but did not receive a response prior to filing.

28

ATS anticipates disclosing performance, disciplinary, and other personnel records as part of its defense of Plaintiff's claim that she was discriminated and retaliated against. "An employee's personnel records and employment information are protected by an individual's constitutional right to privacy. Personnel files may contain information that is both private and irrelevant to the case, therefore special care must be taken before personnel files are turned over to an adverse party." *Equal Employment Opportunity Comm'n v. CTI, Inc.*, No. CV-13-1279-TUC-DCB, 2014 WL 12639916, at *1 (D. Ariz. Mar. 28, 2014) (citations and internal quotations omitted).

Upon receiving Plaintiff's disclosure of her medical and/or mental health providers, ATS intends to subpoena treatment and other records to evaluate Plaintiff's claim that she was subjected to disability discrimination. Plaintiff has an understandable interest in limiting the public dissemination of her personal health information and treatment records.

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required" after weighing the competing needs and interests of parties affected by discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). In a case such as this, the Rule authorizes the Court to override the presumption that the fruits of pretrial discovery are presumptively public where "good cause" exists. *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). Plaintiff's interests in maintaining the confidentiality of her health records and ATS's interests in protecting the personnel records of its employees constitute good cause for entering a protective order in this case.

To proceed expeditiously in providing discovery responses and obtaining releases for information, while still maintaining the confidential nature of the documents and information contained therein and minimizing discovery disputes over the production of confidential information, Defendant moves the Court to enter a Protective Order in substantially the form attached hereto as Exhibit "A."

RESPECTFULLY SUBMITTED this 17th day of February 2021.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: s/Caroline Larsen
            Caroline Larsen
            2415 E. Camelback Road, Suite 800
            Phoenix, Arizona 85016
            Tel.:  602.778.3700
            Fax:  602.778.3750
            caroline.larsen@ogletree.com

*Attorney for Defendant Airport Terminal Services, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2021, I transmitted the foregoing document by email and first-class mail, postage-prepaid, to:

Dandrea Michelle Turner
3842 W. Glendale
Phoenix, AZ 85051
dandreat9@gmail.com

s/Trish Day
Name

46034802.1