# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner, | No. CV-20-00775-PHX-SMB |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Jeff Luetkenhaus, et al., | |
| Defendants. | |

Pursuant to Defendant's Motion for Entry of Protective Order (Doc. 28) and for good cause found,

**IT IS HEREBY ORDERED** the Motion is **GRANTED** as follows:

1. This Protective Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts and exhibits thereto, and any other information, documents, objects, or things that have been or will be produced or received by any party during pretrial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any information, copies, summaries, and byproducts derived or obtained therefrom.

2. Due to the nature of the above-captioned litigation, the parties anticipate they will obtain and disclose Confidential Information, including but not limited to: (1) confidential policies and procedures implemented by Airport Terminal Services, Inc. ("ATS"); (2) sensitive personal information regarding current and former employees of ATS who are not parties to this action; and (3) treatment and other records from Plaintiff's

health care providers. The parties stipulated to this Protective Order ("Order") to prevent the public disclosure of this Confidential Information.

3.  For the purposes of this Order, the term "Confidential Information" shall mean any information or contents of any document (including copies, transcripts, videos, and electronically stored information) (a) that the designating party in good faith contends contains a trade secret or other confidential, sensitive, or proprietary data or information, business or otherwise (including but not limited to electronic and written communications), or information subject to a legally-protected right or reasonable expectation of privacy; and (b) that the designating party or its counsel designate as CONFIDENTIAL upon a good-faith belief that there is good cause therefor under applicable law. Documents or information produced or disclosed by a non-party to this action also may be designated as Confidential Information.

4.  A party may designate as CONFIDENTIAL any information of a confidential, proprietary, private, and/or sensitive nature that is not generally available to the public. Confidential Information may also include (i) trade secrets and other proprietary information, (ii) current or projected financial information (including income, profits, losses, expenses), or (iii) information otherwise subject to any duty or obligation to maintain as confidential, or any reasonable expectation of privacy or confidentiality.

5.  Confidential Information may be disclosed only to individuals as defined in this paragraph:

   a.  Information or documents designated CONFIDENTIAL may be disclosed to (1) the parties to this action; (2) outside counsel of record in this action and their employees to whom it is necessary that the information be disclosed for purposes of prosecuting or defending this action; (3) actual or potential testifying or consulting experts; (4) any current or former employee of a party whom counsel for each party deems necessary; and (5) any other party involved in prosecuting or defending this action; provided, however, that prior to disclosure that person first

signs a Certificate of Confidentiality in the form attached hereto as Exhibit "A," which shall be retained by outside counsel for the party who received the Confidential Information.

    b.    Confidential Information may be disclosed to the Court and its personnel in their official capacity at any hearing, deposition, or other proceeding in this action.

    c.    Information or documents designated CONFIDENTIAL also may be disclosed to any person to whom the designating party agrees in writing or as otherwise ordered by the Court.

6.    Any non-party to this action who shall be called upon to provide documents or other discovery or deposition or other testimony shall be entitled to avail itself of this Protective Order and designate its own Confidential Information pursuant to this Order and, by so doing, shall assume the duties and obligations imposed by this Order.

7.    Documents may be designated as CONFIDENTIAL by marking each page of the document(s) so designated with a stamp stating CONFIDENTIAL. A party may designate any document produced by a non-party as CONFIDENTIAL at any time after production upon written notice to all parties accompanied by substitute copies of each document, appropriately designated. Copies of undesignated documents that are subsequently marked as CONFIDENTIAL shall either be returned to the producing party or destroyed.

8.    Testimony given at any deposition may be designated by any party as CONFIDENTIAL by stating on the record during the deposition that the testimony is CONFIDENTIAL. If such designation is not made at the time of the deposition, any transcript, or any portion of any transcript that contains Confidential Information shall be designated as such following the receipt of the deposition transcript by designating party's counsel. The designation of the transcript, or portion thereof, shall be in writing served on all parties. Nothing in this paragraph is intended to deprive any party of the right to attend

any depositions in this case. If a party designates information to be disclosed at a deposition as CONFIDENTIAL, counsel shall promptly arrange for individuals not entitled to Confidential Information to leave the room in which the deposition is being conducted for the limited purpose of allowing the Confidential Information to be sufficiently disclosed.

9. Copies of documents containing Confidential Information may be made, or exhibits prepared, by independent copy or scanning services, printers, or illustrators for the purposes of this action.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating information as CONFIDENTIAL consents in writing to such disclosure or if the Court orders such disclosure. Furthermore, this Order shall not prevent or restrict the disclosure or use of Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced or designated the Confidential Information.

11. A party shall not be obligated to challenge the propriety of a designation as CONFIDENTIAL at the time made and a failure to do so shall not preclude a subsequent challenge thereto. If any party objects to a CONFIDENTIAL designation, the objecting party's counsel shall notify all counsel of record of his or her objection. If disputes regarding the objection cannot be resolved by agreement of the parties, the party seeking to designate the document, electronic data, or information as CONFIDENTIAL may move this Court (orally unless ordered to do so in writing) for relief pursuant to Federal Rule of Civil Procedure 26(c). Such a motion shall be timely filed after it has been determined the objection cannot be resolved by agreement of the parties and the party who designated the document or information as CONFIDENTIAL will carry the burden of persuasion concerning the applicability of the designation. If such a motion is filed, the document, electronic data, or information shall be maintained as CONFIDENTIAL pending ruling on the motion.

12. Nothing shall be regarded as CONFIDENTIAL if it is information that:

    a. is in the public domain at the time of disclosure, as evidenced by a verified written document;

    b. becomes part of the public domain through no fault of another party, as evidenced by a verified written document; or

    c. a receiving party can show by written document was in its rightful and lawful possession at the time of disclosure or was subsequently lawfully received without restriction as to disclosure.

13. If a party wishes to use any Confidential Information in any papers filed in this action, that party must move to file such papers under seal with the Court, consistent with Local Rule of Civil Procedure 5.6.

14. Nothing in this Order precludes a party from seeking and obtaining any additional protection with respect to any Confidential Information it may consider appropriate and necessary. Any modification to this Stipulation shall be in writing and signed by counsel for all parties.

15. All documents and information designated as CONFIDENTIAL shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, any alternative dispute resolution proceeding mutually agreed upon by the parties, or generally in connection with this litigation, and for no other purpose. Without limitation, no person receiving Confidential Information shall use such Confidential Information in any other proceeding. Material designated as CONFIDENTIAL shall not be used for any business, competitive, or other purpose and shall not be disclosed to any person or entity, except as expressly provided herein.

16. The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or work product; or (b) to raise or assert any defenses or objections

to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto.

17. Upon final termination of this action (including all appeals), any party who has received any Confidential Information shall, within sixty (60) days of such termination, return to the designating party or destroy all information and documents designated CONFIDENTIAL that is in its possession, except that counsel of record for each party may retain pleadings, deposition or hearing transcripts, and exhibits that contain Confidential Information. The receiving party shall certify the return or destruction of all such information.

18. If information designated CONFIDENTIAL is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to any person that has designated the information CONFIDENTIAL and shall not produce the documents until the return date of the subpoena or other process or 15 days after providing notice, whichever is later.

19. This Order shall be effective from the date on that it is entered by the Court and shall apply and be enforceable from the date forward with respect to all pre-trial proceedings in this matter, including materials produced at any time after commencement of this case. This Order survives the dismissal, discontinuation, or termination of the action.

20. Nothing in this Order shall prevent a party from any use of its own Confidential Information.

21. The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

Dated this 2nd day of March, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge

# EXHIBIT "A"

## PROTECTIVE ORDER ACKNOWLEDGEMENT

I declare under penalty of perjury that I have read, reviewed, and understand the Protective Order entered by the Court in the matter of *Dandrea Michelle Turner v. Airport Terminal Services, Inc., et al.*, in the United States District Court, District of Arizona Case No. 2:20-cv-99775-SMB, and I agree to abide and be bound by its terms.

I agree to return all documents, electronic data, or information that are designated CONFIDENTIAL, and all copies thereof, to the party or attorney who provided them to me. I will not retain any such documents, electronic data, or information designated CONFIDENTIAL after the termination of this litigation. I agree not to use documents, electronic data, or information provided in this litigation and designated CONFIDENTIAL for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction of the above-captioned Court with respect to any proceeding related to the Protective Order and acknowledgement that I understand that, if I violate any term of this Order, I may be subject to sanctions by the Court.

Executed this ____ day of _____ 2021.

_____
(Signature)

_____
(Print Name)