# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner,<br><br>Plaintiff,<br><br>v.<br><br>Airport Terminal Services, et al.,<br><br>Defendants. | No. CV 20-00775-PHX SMB<br><br>**ORDER** |

This matter was referred to the undersigned Magistrate Judge for the purpose of conducting a settlement conference. (ECF No. 40).

Rule 408 of the Federal Rules of Evidence applies to all aspects of the settlement conference. All communications and information exchanges made in the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose. All matters communicated expressly in confidence to the settlement judge will be kept confidential and will not be disclosed to any other party. At the conclusion of the settlement conference, all documents submitted by the parties will be returned, destroyed, or otherwise disposed of in the manner directed by the settlement judge.

Pursuant to Rule 16, Federal Rules of Civil Procedure, and 28 U.S.C. § 473(B)(5),

**IT IS ORDERED that** all parties and, if represented, their counsel, shall telephonically appear before United States Magistrate Judge Camille Bibles on **Tuesday, August 3, 2021, at 1:00 p.m.** The Court has allocated a minimum of **four** hours for the

Settlement Conference; however, if meaningful progress is being made the conference will continue until either the case settles or meaningful progress is no longer being made.

Counsel who will be responsible for trial of the lawsuit for each party must personally appear and participate in the Settlement Conference. Additionally, representatives of the parties with full, complete, and unlimited authority to discuss and settle the case must be telephonically present unless expressly excused by timely motion and an order issued prior to the Settlement Conference. Motions to be excused will only be granted upon a showing of good cause.

If any defendant is an insured party, a representative of that party's insurer with full, complete, and unlimited authority to discuss and settle the case **MUST** telephonically appear at the Settlement Conference. An uninsured or self-insured corporation, association, partnership, business entity, organization, governmental agency, or political body **MUST** telephonically appear at the Settlement Conference through its authorized representative with full, complete, and unlimited authority to discuss and settle the case.[1]

A conference call between counsel and the settlement judge will take place on **July 26, 2021 at 1:00 p.m.** where the settlement judge will address procedural matters to facilitate the Settlement Conference. The conference call information will be provided via email.

Before arriving at the Settlement Conference, the parties must negotiate and make a good faith effort to settle the case without the settlement judge's involvement. The parties shall exchange written correspondence regarding settlement. **Plaintiff's demand must be delivered to defense counsel at least fourteen (14) days before the Settlement Conference, i.e., no later than July 20, 2021. Defendants' response to the demand must be delivered to Plaintiff at least seven (7) days before the Settlement Conference, i.e., no later than July 27, 2021.**

---

[1] The requirement that a representative telephonically appear with full, complete, and unlimited authority is only satisfied where the representative is the decision-maker with full authority to settle the matter; for a party asserting a claim, this means full authority to stipulate to dismissal and release of all claims; for a party defending a claim, this means full authority to satisfy the opposing party's existing settlement demand or offer.

Each party must provide the settlement judge with a **confidential** Settlement Conference Memorandum **at least seven days before the Settlement Conference, i.e., no later than July 27, 2021.** The parties may deliver their memoranda directly to chambers at 123 N. San Francisco Street, Suite 200, Flagstaff, Arizona, 86001, or submit them by facsimile (**928-774-2586**), or by electronic mail (bibles_chambers@azd.uscourts.gov). **If a party's memorandum and any exhibits exceed twenty-five (25) pages, a hard copy or the memorandum and exhibits must be delivered to chambers. The confidential Settlement Conference Memoranda must NOT be filed with the Clerk of the Court and should NOT be exchanged with any party involved in this matter.**

The memoranda shall include the following information:

(1) A brief statement of the facts of the case.

(2) A brief statement of the claims or defenses as appropriate for the party, i.e., statutory or other grounds upon which the claims or defenses are founded, including the citation to the appropriate authorities, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute.

(3) A summary of the proceedings to date including rulings on motions and pending motions, if any.

(4) An estimate of the costs and time to be expended for further discovery, pretrial litigation and trial, including past and future attorneys' and experts' fees.

(5) A brief statement of the facts and issues upon which the parties agree.

(6) Whether there are any distinct or dominant issues which, if resolved, would likely aid in the disposition of the case.

(7) The relief sought.

(8) Each party's position on settlement, including present demands and offers and the history of past settlement discussions, offers, and demands.

(9) The party's thoughts as to what the Magistrate Judge may best do to facilitate a resolution in this case.

(10) The name and title of each individual who will appear at the settlement

conference. Individuals not named in a party's settlement conference memorandum will not be allowed at the settlement conference.

Each party's Settlement Conference Memorandum must not exceed **seventeen (17)** pages exclusive of attachments and must otherwise comply with the Rules of Practice for the District Court. *See* Local Rules of Civil Procedure 7.1 & 7.2. No responsive memoranda shall be permitted.

If any party believes that the Settlement Conference would be futile and would result in economic waste because, for example, a party or insurer has adopted a position from which they refuse to deviate, they must notify the Court in writing at least seven days before the Settlement Conference. The settlement judge will consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be cancelled. If there is disagreement between the attorneys or unrepresented parties on this issue, they must arrange for a telephonic conference with the Court and all counsel as soon as reasonably practical. If no such conference is arranged, the Court will presume that all counsel, their clients, and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement, and that the involvement of a settlement judge is needed to accomplish a settlement.

Absent good cause shown, if any party, counsel, or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(D) of the Federal Rules of Civil Procedure, which may include an award of reasonable attorney's fees and expenses and a finding of contempt. *See* 28 U.S.C. § 636(e).

Dated this 11th day of June, 2021.

Camille D. Bibles
United States Magistrate Judge