IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner,<br><br>            Plaintiff,<br><br>v.<br><br>Airport Terminal Services, et al.,<br><br>            Defendants. | No. CV-20-00775-PHX-SMB<br><br>**ORDER** |

**IT IS ORDERED that** the settlement conference set for August 3, 2021 is **vacated** and reset for **August 24, 2021 at 12:00 p.m.** Parties may appear by telephone, with the call-in information provided via email, or in person at the U.S. District Court in Flagstaff, 123 North San Francisco Street.

Before arriving at the Settlement Conference, the parties must negotiate and make a good faith effort to settle the case without the settlement judge's involvement. The parties shall exchange written correspondence regarding settlement. **Plaintiff's demand must be delivered to defense counsel at least fourteen (14) days before the Settlement Conference, i.e., no later than August 10, 2021. Defendants' response to the demand must be delivered to Plaintiff at least seven (7) days before the Settlement Conference, i.e., no later than August 17, 2021.**

Each party must provide the settlement judge with a **confidential** Settlement Conference Memorandum **at least seven days before the Settlement Conference, i.e., no later than August 17, 2021.** The parties may deliver their memoranda directly to

chambers at 123 N. San Francisco Street, Suite 200, Flagstaff, Arizona, 86001, or submit them by facsimile (**928-774-2586**), or by electronic mail (bibles_chambers@azd.uscourts.gov). **If a party's memorandum and any exhibits exceed twenty-five (25) pages, a hard copy or the memorandum and exhibits must be delivered to chambers. The confidential Settlement Conference Memoranda must NOT be filed with the Clerk of the Court and should NOT be exchanged with any party involved in this matter.**

The memoranda shall include the following information:

(1) A brief statement of the facts of the case.

(2) A brief statement of the claims or defenses as appropriate for the party, i.e., statutory or other grounds upon which the claims or defenses are founded, including the citation to the appropriate authorities, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute.

(3) A summary of the proceedings to date including rulings on motions and pending motions, if any.

(4) An estimate of the costs and time to be expended for further discovery, pretrial litigation and trial, including past and future attorneys' and experts' fees.

(5) A brief statement of the facts and issues upon which the parties agree.

(6) Whether there are any distinct or dominant issues which, if resolved, would likely aid in the disposition of the case.

(7) The relief sought.

(8) Each party's position on settlement, including present demands and offers and the history of past settlement discussions, offers, and demands.

(9) The party's thoughts as to what the Magistrate Judge may best do to facilitate a resolution in this case.

(10) The name and title of each individual who will appear at the settlement conference. Individuals not named in a party's settlement conference memorandum will not be allowed at the settlement conference.

Each party's Settlement Conference Memorandum must not exceed **seventeen (17)** pages exclusive of attachments and must otherwise comply with the Rules of Practice for the District Court. *See* Local Rules of Civil Procedure 7.1 & 7.2. No responsive memoranda shall be permitted.

If any party believes that the Settlement Conference would be futile and would result in economic waste because, for example, a party or insurer has adopted a position from which they refuse to deviate, they must notify the Court in writing at least seven days before the Settlement Conference. The settlement judge will consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be cancelled. If there is disagreement between the attorneys or unrepresented parties on this issue, they must arrange for a telephonic conference with the Court and all counsel as soon as reasonably practical. If no such conference is arranged, the Court will presume that all counsel, their clients, and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement, and that the involvement of a settlement judge is needed to accomplish a settlement.

Absent good cause shown, if any party, counsel, or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(D) of the Federal Rules of Civil Procedure, which may include an award of reasonable attorney's fees and expenses and a finding of contempt. *See* 28 U.S.C. § 636(e).

Dated this 2nd day of August, 2021.

_____
Camille D. Bibles
United States Magistrate Judge