Caroline Larsen, SBN 022547
Andrew Soukhome, SBN 036729
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
caroline.larsen@ogletree.com
andrew.soukhome@ogletree.com

Attorneys for Defendant Airport Terminal
Services

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dandrea Michelle Turner, | No. 2:20-cv-00775-SMB |
| Plaintiff, | **DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO DISCLOSE OR SUPPLEMENT DISCOVERY RESPONSES** |
| v. | |
| Airport Terminal Services, Inc, | |
| Defendant. | |

Defendant Airport Terminal Services, Inc. ("ATS") hereby moves the Court to dismiss this action as a sanction for Plaintiff's ongoing refusal to comply with her discovery and disclosure obligations. Since the inception of this case, Plaintiff has repeatedly and unreasonably delayed its progress by refusing to disclose information that is directly relevant to her claims and demand for damages, and to ATS' defenses. Plaintiff's unjustified and prejudicial conduct warrants severe sanctions under Federal Rule of Civil Procedure Rule 37. Alternatively, ATS asks this Court to exclude all information and documents that Plaintiff has failed to timely disclose or provide in response to ATS' discovery requests.

**I.    Plaintiff has consistently failed to disclose relevant evidence in this case or timely respond to discovery requests.**

ATS' motion for sanctions results from a clear pattern of Plaintiff's non-compliance and disregard for the discovery obligations imposed by the Federal Rules of Civil Procedure and this Court. Plaintiff filed her complaint in this action on April 20, 2020; therefore, this case is subject to the Mandatory Initial Discovery Pilot ("MIDP") project as set forth in General Order 17-08. Doc. 4. Plaintiff's MIDP responses were due January 11, 2021; however, Plaintiff failed to provide her responses by the deadline, which prevented ATS from being able to serve discovery requests for several months. *See* Doc 4 at p.4 ("The parties to this litigation are ordered to provide mandatory initial discovery responses before initiating any further discovery in this case."). Undersigned counsel followed up with Plaintiff four times between January 21 and February 10 regarding her outstanding MIDP responses, yet Plaintiff still failed to provide them. The Court ultimately allowed Plaintiff until April 1, 2021 to provide her responses. Doc. 33. On April 1, Plaintiff finally provided a barebones initial disclosure. Exh. 1. Her disclosure did not include any computation of damages, nor did it identify any documents or other evidence bearing on the nature and extent of the damages or injuries alleged, as required by Rule 26(a)(1)(A)(iii) and the MIDP. *See* Doc. 4 at p.7 ¶ 5.

On April 15, 2021, undersigned counsel served interrogatories and requests for production on Plaintiff. Plaintiff's responses were due by May 17, 2021. *See* Doc. 36; Exh. 2. Plaintiff failed to serve her responses, nor did she seek an extension of time to do so. Once again, undersigned counsel followed up with Plaintiff repeatedly regarding her overdue responses, but Plaintiff still failed to provide them. On May 28, 2021, the Court set a discovery dispute hearing for June 3. Doc. 38. The day before the hearing, Plaintiff finally provided some cursory responses to the interrogatories, but did not produce any documents in response to the requests for production. Exh. 3.

This Court conducted a discovery dispute hearing on June 3, 2021, and ordered Plaintiff to respond to the requests for documents by June 14. Doc. 39. On June 15, 2021,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

Plaintiff provided 29 pages of medical records; however, her "production" was only responsive to one of ATS' twelve requests. Plaintiff's response stated that she failed to produce many of her records because she "moved and they are packed in storage." Exh. 4. To date, Plaintiff has not supplemented her responses.

Also on June 15, 2021, undersigned counsel followed up with Plaintiff regarding numerous deficiencies in the interrogatory responses Plaintiff provided on June 2. Exh. 5. For example, ATS asked Plaintiff to provide specific details regarding each alleged report of harassment, discrimination, or retaliation she made, which Plaintiff failed to provide. *See* Exh. 2, interrogatory no. 1 at p.6. ATS also requested an explanation of the amount of damages Plaintiff seeks, including a breakdown of how she calculated her damages and any supporting documents used in her calculations, which Plaintiff was required to disclose even absent a discovery request, per Rule 26(a)(1)(A)(iii) and the MIDP. *Id.* at interrogatory no. 2 at pp. 6-7. ATS asked Plaintiff to supplement her written responses by June 21, 2021. Exh. 5. Plaintiff failed to provide any supplemental responses, therefore, ATS requested another discovery dispute hearing, which the Court set for July 6. Doc. 42.

Plaintiff did not appear at the hearing, nor did she advise Defendant's counsel or the Court that she would not appear. Accordingly, ATS asked the Court to dismiss this action in response to Plaintiff's ongoing failure to prosecute the case or participate in discovery in good faith. *See* Docs. 43, 45. The Court set a hearing for July 15, 2021 and ordered Plaintiff to show cause why sanctions should not be issued or why she should not be held in contempt for failing to appear at the hearing. *Id.*

At the Order to Show Cause Hearing, the Court granted Plaintiff a "FINAL extension" to supplement her responses by July 22, 2021. Doc. 46. The Court cautioned Plaintiff that if she failed "to address the deficiencies as discussed on the record, [ATS] is authorized to file a motion to compel or motion to preclude any documents or other evidence." *Id.* On July 22, Plaintiff emailed undersigned counsel a 12-page document purporting to be her supplemental responses. Exh. 6. The document only contained one page of information in response to interrogatories 1, 2, and 4. To date, Plaintiff has not

1  supplemented her responses to ATS' interrogatories, or provided any documents in

2  response to eleven of ATS' twelve requests for documents. As a result of Plaintiff's failure

3  to provide responsive information and documents, undersigned counsel has been unable to

4  schedule Plaintiff's deposition.

5  **II.  Rule 37(b)(2)(A) sanctions are warranted due to Plaintiff's ongoing failure to
6      provide complete MIDP responses.**

7       "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to

8  impose a wide range of sanctions when a party fails to comply with the rules of discovery

9  or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d

10  585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S.

11  639 (1976); *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369

12  (9th Cir. 1980)). "Rule 37(b)(2) more readily authorizes the imposition of more severe

13  sanctions, creates a presumptive right to fee-shifting, and doesn't . . . include a safe harbor

14  for violations that were 'substantially justified or harmless.'" *SiteLock LLC v.

15  GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 2895503, at *5 (D. Ariz.

16  July 9, 2021).

17       This case is governed by the MIDP imposed discovery obligations, as set forth in

18  General Order 17-08, which "supersede the disclosures required by Rule 26(a)(1) and are

19  framed as *court-ordered mandatory initial discovery* pursuant to the Court's inherent

20  authority to manage cases." Doc. 4 (emphasis added). Accordingly, ATS' request for

21  sanctions is governed by Rule 37(b)(2)(A), which authorizes sanctions for failing to obey

22  a court order to provide or permit discovery. *See SiteLock*, 2021 WL 2895503, at *5.

23  Sanctions may include "prohibiting the disobedient party from supporting or opposing

24  designated claims or defenses, or from introducing designated matters in evidence" and

25  "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii).

26       As to dismissal specifically,

27       Courts are to weigh five factors in deciding whether to dismiss a case for
28       failure to comply with a court order: (1) the public's interest in expeditious

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation omitted) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is authorized in a case like this, where Plaintiff's "failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle*, 709 F.2d at 589 (citing *Nat'l Hockey League*, 427 U.S. at 640; *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981)).

Here, the MIDP requires Plaintiff to disclose information and documents that she believes may be relevant to her claims or ATS' defenses, even if not specifically requested by ATS. Doc. 4 at pp. 4, 7 ("The [mandatory initial discovery] responses are called for by the Court, not by discovery requests actually served by an opposing party."). Plaintiff's barebones MIDP response constitutes a failure to abide by this Court's order. Plaintiff disclosed only 29 pages of documents – consisting only of her incomplete medical records – in the 15+ months this case has been pending. Additionally, the MIDP required Plaintiff to provide, *inter alia*, "a computation of each category of damages claimed by [her], and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered." Doc. 4. On April 1, 2021, Plaintiff disclosed that she had not fully calculated her damages. Exh. 1. Yet, in the intervening four months, she has not supplemented her MIDP response to disclose the basis for her damages or indicated any additional discovery she needs to undertake to provide a calculation. Plaintiff's latest "response" merely states that "[t]he calculation of missing work and having to resign from position $250,000 illness and lost of wages, resigning from position." Exh. 6.

The Court also ordered Plaintiff to correct the deficiencies in her responses to ATS' interrogatories; however, she has not done so. *See* Doc. 46. For example, ATS requested

that Plaintiff: specify dates and responses to her alleged reports of harassment, discrimination, or retaliation (as requested in interrogatory no. 1); categorize her damages and provide her method of calculation (as requested in interrogatory no. 2); specify which of the medical providers she disclosed were seen for reasons related to conduct alleged in this case (as requested in interrogatory no. 3); provide details of prior litigation in which she was involved (as requested in interrogatory no. 6); identify with whom she has communicated regarding the facts/allegations in the case (as requested in interrogatory no. 8); identify any facts that support her punitive damages claim (as requested in interrogatory no. 9); provide more details regarding her subsequent job search efforts and employment/earnings (as requested in interrogatory nos. 10-13); and provide details regarding her alleged disability and her communications with ATS regarding her alleged need for an accommodation (as requested in interrogatory nos. 14-15). *See* Exhs. 3, 5. Plaintiff's supplemental "response" only responded to three interrogatories, and still failed to provide complete responses. Exh. 6. Plaintiff's failure to adequately respond to ATS' interrogatories and her ongoing failure to produce responsive documents violate this Court's July 15 order and the requirements of the MIDP.

Plaintiff's status as a *pro se* litigant does not excuse her from complying with this Court's orders. The Ninth Circuit has made clear that "pro se litigants must follow the same rules of procedure that govern other litigants." *Perez v. Sw. Airlines*, No. CV-07-1273-PHX-DGC, 2008 WL 853609, at *2 (D. Ariz. Mar. 27, 2008) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986), *overruled on other grounds*; *Jacobsen v. Filler*, 790 F.2d 1362, 1363-64 (9th Cir. 1986); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989)). Accordingly, this Court should weigh the five *Malone* factors that warrant dismissal against Plaintiff's conduct just as it would any other non-compliant litigant.

"[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "[F]actor 5 involves consideration of three subparts: whether the court

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal. But despite all this elaboration of factors, [the Ninth Circuit has] said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning" of the possibility of dismissal. *Id.* (citations omitted). "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). That is exactly the problem in this case.

ATS has consistently pressed Plaintiff to disclose the factual and legal basis for her claims, and provide specific details related to her claims for damages. Yet, Plaintiff has failed to provide timely disclosures and has provided insufficient responses, if any. Plaintiff's continuing failure to comply with her discovery obligations mandated by this Court's MIDP has, and will continue to, prejudice ATS' efforts to defend itself. *See In re Phenylpropanolamine*, 460 F.3d at 1227 ("Failing to produce documents as ordered is considered sufficient prejudice . . . [and] [t]he law also presumes prejudice from unreasonable delay.") (citations omitted). Accordingly, this factor weighs in favor of dismissal.

In regard to the fifth *Malone* factor – the availability of less drastic sanctions – the Court has already explored alternative methods to resolve Plaintiff's refusal to participate in discovery. The Court has repeatedly ordered Plaintiff to supplement her disclosures, granted her extensions to do so, and warned her that failure produce evidence may result in an order precluding her from introducing evidence in this case. *See* Doc. 46. None of these measures have prompted Plaintiff to comply. Even in the face of a "FINAL extension," Plaintiff still failed to produce responsive documents or complete interrogatory responses. ATS already made an oral moved to dismiss this case after Plaintiff simply failed to appear for a discovery dispute conference. *See* Docs. 43, 45. Plaintiff has had more

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

than fair notice that her continuing failure to comply with the Court's orders may result in dismissal of her case. Accordingly, this factor weighs in favor of dismissal.

Although the fourth factor generally weighs against dismissal, the Ninth Circuit has recognized that the fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine*, 460 F.3d at 1228 (internal quotations omitted). In other words, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* Here, Plaintiff's non-compliance with the MIDP and the Court's order is the sole impediment to this case's progress toward disposition. Plaintiff cannot reap the benefit of the public policy favoring disposition of cases on the merits when she simultaneously has failed to comply with her discovery obligations that would permit disposition. This factor weighs in favor of dismissal.

On balance, consideration of all of these factors warrants dismissal of this action pursuant to Rule 37(b)(2)(A). Plaintiff has been repeatedly counseled by the Court regarding her disclosure and discovery obligations and the risks of failing to comply, and has been allowed repeated extension of time to supplement her responses, yet she still refuses to do so. Her non-compliance has delayed the progress of discovery in this case by months, has needlessly burdened the Court's docket, and has caused ATS to incur thousands of dollars in unnecessary attorneys' fees.[1] Accordingly, dismissal is appropriate.

## III.    Rule 37(c)(1) Sanctions

Sanctions are also warranted under Rule 37(c)(1), which provides: "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use

---

[1] ATS recognizes that dismissal is a drastic sanction, and that the Rules permit ATS to move to compel Plaintiff to provide discovery and disclosures. ATS has already sought multiple discovery dispute hearings with the Court to try to remedy Plaintiff's failure to cooperate in discovery. Forcing ATS – once again – to try to compel Plaintiff to disclose documents and information that she should have provided over seven months ago would reward Plaintiff by providing her the opportunity to disclose evidence that may support her claims despite her obstruction of the discovery process in this case.

that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule is "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (internal quotations omitted) (citing Fed. R. Civ. P. 37 Advisory Comm. Notes (1993)). In other words, "Rule 37(c)(1) gives teeth to [Rule 26(a)'s] requirements by forbidding the use of any improperly disclosed information in a motion, hearing, or at trial." *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2020 WL 1151053, at *2 (D. Ariz. Mar. 10, 2020) (internal quotations omitted) (citing *Yeti by Molly Ltd.*, 259 F.3d at 1106). Moreover, ATS is "entitled to assume . . . that Rule 37(c)(1) means what it says, and that untimely disclosed evidence would be excluded from evidence at trial." *Id.* at *4 (quoting *Leland v. Cty. of Yavapai*, No. CV-17-8159-PCT-SPL, 2019 WL 1546998, at *4 (D. Ariz. Mar. 18, 2019)).

As the party requesting sanctions under Rule 37(c)(1), ATS "bears the initial burden of establishing that [Plaintiff] failed to comply with the [applicable] disclosure requirements." *SiteLock LLC*, 2021 WL 2895503, at *6 (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017)). Upon making this showing, Plaintiff "bears the burden of proving that [her] failure to disclose the required information was substantially justified or is harmless." *Id.* (quoting *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012)). Plaintiff cannot meet this burden.

**A.    Plaintiff cannot meet her burden of proving that her non-compliance with Rule 26(a) disclosure requirements was substantially justified.**

Similar to the disclosure requirements of the MIDP, Rule 26(a) also requires Plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). As discussed above, Plaintiff has repeatedly failed to respond to ATS' written requests for information and documentation

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

relating to her damages among others. Her failure violates Rule 26(e)(1)(A), which requires disclosing parties to supplement their disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Plaintiff's "failure to disclose damages computations is ordinarily . . . treated as a violation of Rule 26(a) that is sanctionable under Rule 37(c)(1)." *SiteLock LLC*, 2021 WL 2895503, at *5 n.1.

A party's non-compliance is substantially justified if "reasonable people could differ as to whether the party acted appropriately." *Khalaj*, 2021 WL 222408, at *6 (internal quotations omitted) (citing *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)). Here, Plaintiff's proffered reasons for her non-compliance are not justified, nor has she acted appropriately under the circumstances. On June 15, 2021, Plaintiff claimed that she could produce only 29 pages of incomplete medical records (which were responsive to only one of ATS' twelve requests for documents) because she "moved and [other documents] [were] packed in storage." Exh. 4. Plaintiff's explanation includes her admission that she has other responsive documents; however, more than three months after ATS' initial request, she has failed to secure them and supplement her production. Additionally, Plaintiff has not denied that she has other responsive documents that ATS has requested, such as her federal and state tax returns for the years since her employment at ATS ended. Plaintiff has largely failed to explain her refusal to produce the other relevant documents that ATS has requested. There is no basis for the Court to find Plaintiff's non-compliance is substantially justified.

**B.    Plaintiff cannot show that her non-compliance was harmless.**

"Disruption to the schedule of the courts and other parties . . . is not harmless." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1061–62 (9th Cir. 2005). "This is true even where, as here, the trial date is not imminent." *Reilly*, 2020 WL 1151053, at *3 (D. Ariz. Mar. 10, 2020) (citing *Wong*, 410 F.3d at 1062). In *Reilly*, the Court held that the plaintiff failed to meet his burden to prove that his delay in his disclosure was harmless. *Id.* at *3–4. The Court reasoned that permitting the plaintiff to disclose information well after the deadline would "require a substantial extension of pending deadlines" and "lead

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700

to increased costs to Defendants and a substantial delay and inconvenience for the Court." *Id.* (citation and internal alteration and quotations omitted).

Here, Plaintiff's non-compliance has already caused an unreasonable delay and increased costs to ATS. As described above, Plaintiff's failure to initially serve her MIDP responses delayed ATS from being able to serve discovery requests for several months. Plaintiff's refusal to produce responsive documents and information has also prevented undersigned counsel from serving third-party discovery that may be needed and from setting Plaintiff's deposition. Additionally, deadlines for expert disclosures and discovery have already passed. *See* Doc. 33. Permitting Plaintiff to continue her pattern of non-compliance and disclose information and documents months after she was required to do so by the Rules – in further disregard of this Court's "FINAL extension" – would similarly require new deadlines and substantially inconvenience this Court and ATS. Hence, Plaintiff's non-compliance is not harmless.

## IV.    CONCLUSION

For the foregoing reasons, ATS respectfully requests that the Court exercise its inherent authority and enter sanctions against Plaintiff pursuant to Rule 37(b)(2)(A) or, in the alternative, Rule 37(c)(1). Specifically, ATS requests the Court dismiss this action entirely with prejudice. In the alternative, ATS asks that the Court prohibit Plaintiff from using any untimely disclosed information or documents in support of any motion, at any hearing, or at trial. Additionally, ATS requests this Court award ATS its attorneys' fees related to following up on Plaintiff's failure to provide discovery and fees incurred to draft this motion and the anticipated reply.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

RESPECTFULLY SUBMITTED this 20th day of August 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    s/ Caroline Larsen
       Caroline Larsen
       Andrew Soukhome
       2415 East Camelback Road, Suite 800
       Phoenix, AZ 85016

       *Attorneys for Defendant Airport Terminal Services*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August 2021, I transmitted the foregoing document by email and U.S. first-class mail, postage prepaid, to:

Dandrea Michelle Turner
3842 W. Glendale
Phoenix, AZ 85051
Dandreat9@gmail.com

s/ Bernadette Young

48030257.2

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

13