IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

D'Andrea Turner, Plaintiff
   Pro Per,

vs.

Airport Terminal Services, Inc.
Et al.

   Defendants.

No. CV-20-00775-PHX-SMB

**PLAINTIFF D'ANDREA TURNER'S, RESPONSE TO DEFENDANT AIRPORT TERMINAL SERVICES MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO DISCLOSE OR SUPPLEMENT DISCOVERY RESPONSES**

Plaintiff, D'Andrea M. Turner, responds hereby to Defendant Airport Terminal Services ("ATS")'s Motion for Sanctions for Plaintiff's failure to disclose or supplement discovery responses. Plaintiff denies that she has "repeatedly and unreasonably delayed progress" by **refusing to disclose** information that is directly relevant to her claims and demand for damages. For reasons as follows, Plaintiff requests that this court deny ATS' demand for sanctions under Rule 37 and for any and all other alternative sanctions requested by Defendant ATS; .

    1.    **<u>Plaintiff denies that she has consistently failed to disc lose relevant evidence in this case of timely respond to discovery requests.</u>**

ATS' motion is replete with accusations of Plaintiff's non-compliance and disregard for discovery obligations imposed by the Federal Court Rules and this Court. However, ATS' motion fails to acknowledge or admit that Plaintiff has often had good faith reasons for her failure to produce certain desired results to inquiries sought by ATS. The ATS motion also fails to acknowledge or admit that ATS has also failed to provide proper or timely responses in its responses as required by this Court or rules of the Court. or, in the alternative, order sanctions against both parties to this action. In view of the facts and circumstances of failures on the part of both parties to respond equally in good faith regarding their responsibilities in the discovery process, Plaintiff requests that this Court deny ATS' motion for sanctions or, in the alternative, order sanctions against both parties to this action.

Plaintiff does not deny that she is subject to the court's General Order 17-08 and the Court's Order for participation in the Mandatory Initial Discovery Pilot ('MIDP") Project. However, Plaintiff strenuously objects to the inferences of ATS' motion that she has purposely and intentionally hindered failed the discovery process. ARS Counsel also alleges that Plaintiff's late filing of her MIDP responses caused ATS to delay filing its responses for several months. However, the Court's MIDP order stated (Paragraph 3) that "A party is not excused from providing its responses because … another party has not provided a response."

Plaintiff also denies that ATS Counsel "followed up with plaintiff four times between January 21 and February 10 regarding her outstanding MIDP responses." And, it should be noted that ATS' motion contains no evidence of such "follow-ups" by ATS Counsel. This Court is not informed whether, and in what alleged manner, such "follow-ups" by ATS Counsel were ever made, notwithstanding four times.

ARS motion further alleges that its interrogatories and requests for production were served on Plaintiff on May 17, 2021, with responses due by May 17, 2021. ARS counsel again alleges that she "followed up with Plaintiff repeatedly" regarding her overdue responses. However, again no evidence of the allegations of the counsel's "repeated follow-ups" is included for reference.

ARS' motion further states that on June 15, 2021, ARS counsel again alleges she "followed-up" with Plaintiff regarding deficiencies in her interrogatory responses. And, ARS fails to include that Plaintiff's failure to appear for the court's July 6, 2021 discovery dispute hearing was due to Plaintiff's medical condition which was verified by her doctor's statement presented to the court.

ATS' further alleges that Plaintiff emailed to opposing counsel a 12-page document "purporting to be her supplemental responses," which turned out to be a one-page of information and to date Plaintiff has not supplemented those responses. Plaintiff submits that upon checking the ATS allegations, she discovered that due to a computer malfunction, the document, which included 12 pages, printed only one page, and described all pages (including 11 blank pages) as p. 2,3,4, etc of 12, as though all 12 pages were printed. It is inconceivable that Plaintiff would

actually prepare and email 11 blank pages to the opposing party and claim that it was a 12-page document. Instead of ARS counsel telephoning, or actually "following up" with Plaintiff and asking if a problem resulted in 11 blank pages, she merely alleged as usual that Plaintiff failed and refused to provide discovery responses.

Plaintiff also notes that Doc 51 lists ARS Motion for Sanctions (present motion) as being filed August 20, 2021; however, that was not the case. Plaintiff received an email from ARS' cousel, with the motion attached, on August 23, 2021. The email informed Plaintiff that the motion was sent to a wrong email address, notwithstanding the fact that Plaintiff has been receiving email messages at the same email address for the duration of this matter. The email further informed that it was sent at 5:30 PM on the 20th, which was a Friday evening. The earliest Plaintiff had access to this motion was late morning of Monday, August 23, 2021, the day before the parties are scheduled to participate in their settlement conference. Therefore, Plaintiff was prevented from preparing a response to the ARS motion until too late for a timely response.

Rule 37 sanctions are not warranted against Plaintiff any more than they are warranted against ATS and its counsel. Although ARS alleges that Plaintiff is not protected from sanctions just because of her status as a pro se litigant, ATS also cannot be protected from sanctions when it is represented by counsel. ATS counsel's representations that she "followed up with Plaintiff seeking additional information or responses, without proof of such "follow-ups" is not sufficient for this court to impose sanctions on Plaintiff. And ARS' failure to timely file and follow-up its own required responses and filings should be taken into consideration when "sanctions" are meted out for failure to comply with court rules and procedures. Even when the excuse is given that emails were sent to the wrong email address.

**CONCLUSION**: Wherefore, Plaintiff requests that this Court deny ATS' motion for sanctions against Plaintiff as pled; or in the alternative, that reciprocal sanctions be imposed on ATS for its violations of required procedure and rules of this Court.

Dated: 8/24/2021

Respectfully Submitted,

D'Andrea M. Turner,
Plaintiff

Date: 8/24/2021

Respectfully submitted.

D'Andrea . Wilson