Caroline Larsen, SBN 022547
Andrew Soukhome, SBN 036729
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
caroline.larsen@ogletree.com
andrew.soukhome@ogletree.com

*Attorneys for Defendant Airport Terminal Services, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dandrea Michelle Turner,<br><br>  Plaintiff,<br><br>v.<br><br>Airport Terminal Services, Inc.,<br><br>  Defendant. | No. 2:20-cv-00775-SMB<br><br>**DEFENDANT'S MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL** |

Defendant Airport Terminal Services, Inc. ("ATS") hereby moves the Court to file the parties' settlement agreement under seal pursuant to Local Rule of Civil Procedure 5.6.

As described in more detail in ATS' Motion to Enforce Settlement Agreement, filed on October 1, 2021, the parties resolved this matter at settlement conference conducted on August 24, 2021. Dkt. 53, 54. Counsel for ATS provided Plaintiff a draft of the settlement agreement which memorialized the terms agreed to at the settlement conference. The settlement agreement contains a confidentiality provision which was a material inducement for ATS to enter into the agreement. The settlement agreement is electronically lodged with the Court.

The Ninth Circuit has recognized the authority of district courts to protect confidential settlement agreements. *Alcaide v. Thomas*, 2015 WL 6087560, at *3 (D. Ariz. Oct. 16, 2015) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1212 (9th Cir. 2002)). Although there is a general right of access to records in civil proceedings, "th[e] right is not absolute [and] parties may request the court to seal all or part of the record." *El Paso Nat. Gas Co. v. Sw. Forest Prods., Inc.*, 2008 WL 4808892, at *1 (D. Ariz. Oct. 29, 2008) (citing *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978)). In particular, "[t]here is an exception to the presumption of access when the documents to be sealed are attached to non-dispositive motions." *White v. Sabatino*, 2007 WL 2750604, at *1 (D. Haw. Sep. 17, 2007) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Courts in the Ninth Circuit have found that motions to enforce settlement agreements are non-dispositive motions and therefore requires a showing of "good cause" to justify sealing. *See, e.g.*, *United States ex rel. Lesnik v. Eisenmann SE*, Case No. 16-CV-01120-LHK, 2021 WL 2092944, at *2 (N.D. Cal. May 11, 2021) ("A motion to compel enforcement of settlement is only tangentially related to the merits of the underlying cause of action, and therefore it constitutes a non-dispositive motion."); *Willis v. Lappin*, 2013 U.S. Dist. LEXIS 104593, at *3 (E.D. Cal. July 24, 2013) (same).

Here, "good cause" exists to justify sealing the settlement agreement. For example, in *Alcaide v. Thomas*, this Court found "good cause" to seal the parties' settlement agreement because the settlement agreement was not previously part of the judicial record and that "[i]f courts were to allow plaintiffs to circumvent bargained for confidentiality . . . it would remove an incentive for parties to settle their disputes." 2015 WL 6087560, at *3. Here, the settlement agreement contains a confidentiality provision which was a material inducement for ATS to enter into the agreement. ATS should not be deprived the benefit of its bargain simply because Plaintiff is being unreasonable and has refused to execute the settlement agreement. Permitting public access to the settlement agreement in this matter rewards Plaintiff's uncooperative behavior and discourages parties from engaging in settlement if they know that the terms and amount of the settlement will be public.

Moreover, ATS's interest in keeping the settlement agreement confidential

overcomes the presumption of public access because there was no general public interest in the parties' settlement agreement to begin with. Had Plaintiff complied with the terms she had already agreed, the settlement agreement would never be filed or made public. Unlike FLSA settlement agreements, which must be approved by the court so that "the public can be assured that the settlement is fundamentally fair," *Hummel v. Bimbo Bakeries USA, Inc.*, 2015 WL 13738406, at *3 (N.D. Cal. Sep. 21, 2015), such a public policy in favor of public access does not exist here. The general public does not abruptly gain interest in the parties' settlement agreement that it otherwise never would have had access simply because Plaintiff has delayed executing the agreement. Accordingly, on balance, ATS' interest in filing the parties' settlement agreement under seal outweighs the public need for access in this case.

For the foregoing reasons, ATS respectfully requests this Court to file the settlement agreement under seal.

RESPECTFULLY SUBMITTED this 1st day of October 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Caroline Larsen
Caroline Larsen
Andrew Soukhome
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016

*Attorneys for Defendant Airport Terminal Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I also certify that, on the same date, I served the attached document by email and U.S. first-class mail, postage prepaid, on:

Dandrea Turner
3842 W. Glendale Ave.
Phoenix, AZ 85051
Dandreat75@gmail.com

*Plaintiff Pro Se*

s/Bernadette Young

48785817.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700