FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 0 4 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

D'Andrea Michelle Turner
3842 West Glendale Avenue
Phoenix, Arizona 85051
Phone: 480.843.6434
dandreat75@gmail.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner, | No. 2:20-cv-00775-SMB |
| Plaintiff Pro Se, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| Airport Terminal Services, Inc. | |
| Defendant. | |

Plaintiff, D'Andrea Michelle Turner ("Plaintiff" or "Turner") hereby responds and objects to Defendant Airport Terminal Services, Inc. ("Defendant" or "ATS")'s Motion to Enforce Settlement Agreement. Plaintiff further requests that the Court award her reasonable attorney's fees and costs associated with the necessity of this Response.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   Plaintiff denies that she refused to execute a written settlement agreement that comports with the resolution she agreed to at the Settlement Conference.**

Plaintiff agrees that on August 24, 2021, she participated in a telephonic settlement conference before Magistrate Judge Camille D. Bibles with ATS representatives and counsel for ATS ("Atty. Larsen"), in accordance with this Court's orders. Turner further agrees the Court informed the parties that the conference was being recorded and could be referenced in the event of questions regarding the settlement terms or either party's acceptance. Plaintiff also agrees that at the settlement conference, the parties agreed the case should be settled, and the Court

memorialized that settlement in Dkt. 53 with only with the writing, "Settlement was reached." The Court did not enter a writing memorializing terms and conditions of a settlement agreement.

On August 25, 2021, the day following the parties' settlement conference, Atty. Larsen submitted to Plaintiff an eight-page, single-spaced draft document entitled "Confidential Settlement Agreement, Waiver, and General Release." The proposed ATS settlement agreement was attached to Atty. Larsen's email message which read in part "Attached please find a draft of the settlement agreement for your review. I believe it contains **all of the terms that Judge Bibles communicated to us yesterday**" . However, neither Atty. Larsen's email nor the proposed settlement agreement, included terms and conditions written by Judge Bibles. The ATS draft settlement agreement included provisions such as the following:

    Paragraph 5a.: "This Agreement has been written in a manner that is calculated to be understood, and is understood, by Turner."
    Paragraph 5e.: "Turner has been advised in writing that she should consult with an her own choosing prior to executing this Agreement."
    Paragraph 5f.: "Turner has been given at least twenty-one (21) calendar days to review and consider whether to sign this Agreement. ..."
    Paragraph 21e. "each Party has **carefully read** and understands this Agreement, and has executed it freely, voluntarily, and without duress;"
    Paragraph 21f. "each Party **fully understands** and intends this Agreement to be a full, final, and complete resolution of all matters described herein;"

Plaintiff reviewed the ATS proposed agreement with her legal consultant in attempts to try to: (1) understand the terms and conditions included in the ATS' document; and (2) propose an appropriate response to the document. After her legal consultation, Plaintiff submitted to ATS counsel a three-page memo of proposed revisions to the ATS agreement, with explanations of her suggested changes (copy attached). This was a much shorter period than the 21 days allowed in the ATS proposed Agreement.

ATS responded to Plaintiff's proposed revisions by submitting another proposed draft, which incorporated some, but ignored the majority, of Plaintiff's suggested revisions. The re-

drafted ATS agreement also added new provisions, enough to increase the document from eight pages to a twelve-page single-spaced document.

One of Plaintiff's major objections was ATS' use of the term "Released Parties" throughout the draft documents, without definition of who or what were Released Parties, or their relationship to the parties. Moreover, the term "Released Parties" was never discussed, defined, or explained during the parties' settlement conference; and ATS never defined or explained them. Instead, ATS took the position that Plaintiff's request for explanations of these entities or persons was her "unreasonable delay" of the settlement process. Defendant's motion attempted to define the Released Parties as:

> "ATS and its parents, successors, predecessors, divisions, subsidiaries and former subsidiaries, related companies and affiliates, and its current and former officers, directors, employees, etc." and
> "(A)t all times, ATS **has clearly indicated** that any settlement must encompass a full release and waiver of claims related to Plaintiff's employment at ATS and her resignation of the same, thus, the settlement agreement encompasses any entities against whom she **might seek** to assert such claims."

ATS' insistence on including explanations such as the above, make settlement of this case almost impossible. ATS is apparently refusing to define or explain terms like "Released Parties" because it "has clearly indicated" such language is necessary to settle Plaintiff's "full release and waiver of claims." However, ATS proposes this without explanation of who the Released Parties are, and how or why they would be included in the settlement agreement. The Released Parties are clearly not persons or entities that were included in the parties' settlement conference, and they should not be included in the settlement agreement. Defendant's offer to include a definition of Released Parties, without naming names or the relationship to either of the parties of this case, should not be accepted as ATS' attempt to actually settle this case.

### B. This Court should NOT enforce a settlement per the proposed Defendant's Agreement.

The parties did not agree to a valid, enforceable agreement at the settlement conference. No document was proposed, and the parties did not agree to any document as their agreement, at the settlement conference. The parties only agreed to settle the case, as documented by Judge Bible's Dkt. 53 Minute Entry. Plaintiff agrees with Defendant that this Court has the inherent power 'to summarily enforce on motion a **settlement agreement** entered into by the litigants while the litigation is pending before it. However, such an agreement must be a legitimate, enforceable agreement actually agreed to by the parties in order for such enforcement to be ordered.

Defendant ATS complains in its motion that more than a month has passed since the parties' agreement to settle and that ATS counsel provided the draft settlement agreement to Plaintiff for review, but Plaintiff still has not executed the agreement. However, ATS fails to acknowledge that it has provided two different drafts of an agreement, the latest one longer that the original. ATS also failed to acknowledge and agree to the majority of Plaintiff's requests for revisions of the drafts. For example, Plaintiff requested that certain proposals should include mutual agreements to be accepted by both of the parties, such as:

Paragraph 6 - Mutual Covenant Not to Sue – ATS proposes that Plaintiff should agree not to sue ATS (or the Released Parties), however, there is no mutual agreement proposed for ATS or any of its "Released Parties" not to sue Plaintiff.

Paragraph 8 - Confidentiality ATS proposes that Plaintiff should agree not to divulge any information against ATS or the Released Parties concerning the lawsuit, except in noted exceptions; again, no such agreement is proposed to prohibit ATS or its "Released Parties" from divulging information against Plaintiff.

Paragraph 9 - Non-Disparagement – ATS proposes that Plaintiff should be prohibited from making disparaging remarks about the Released Parties (without revealing who they are); however, no such proposal is included against ATS or the "Released Parties" to prohibit them from making disparaging remarks about Plaintiff.

<u>Paragraph 13 - No Admissions</u> – The ATS draft purports to represent a compromise of disputed unresolved claims; however, it here requests that Plaintiff agree that ATS specifically denies and disclaims any liability to Turner or any other person or entity, while maintaining that Turner's allegations are wholly without merit.

Plaintiff also objects to Defendant's draft agreement provisions, such as Paragraph 1c and Paragraph 12a, requiring Plaintiff' to agree that she will indemnify and hold ATS harmless from any claims, etc. that ATS might incur as a result of its agreeing to the terms of the settlement. Plaintiff has never agreed to any such provision, and she does not intend to do so. Again, no reciprocal agreement is imposed for ATS or the Released Parties.

ATS has refused Plaintiff's suggestions to revise the above draft provisions However, ATS continues to claim that Plaintiff is the one who unreasonably delayed the process of finalizing the settlement agreement.

As shown above, notwithstanding the claim of ATS, the parties have not entered into a binding agreement that this Court should enforce. There are many material terms and provisions in the Defendant's draft agreement to which the parties have not agreed. In order to have a binding agreement, requires a meeting of the minds regarding material terms, disposed claims, and other issues on mutually agreed terms. In this case, there is no present binding agreement between the parties that the Court could possibly enforce.

Plaintiff agrees with Defendant that common law requires a meeting of the minds on all material terms before a settlement agreement can be reached. A settlement agreement would also require that all parties manifest an objective intent to be bound by the settlement. Contrary to Defendant's proclamations, here these elements are not present. Defendant's drafts have disregarded Plaintiff's proposals and suggestions for a mutually agreeable document. Defendant is attempting to create a document, and the material provisions thereof, based on its own determination of terms, conditions and even parties that should be included. Although the parties

agreed at the settlement conference that the case should be settled, no written agreement was generated out of that process. Nor was there an agreement or mandate by the judge of definitions or descriptions of material terms or conditions that should be incorporated into a written agreement.

In view of the disagreement of the parties and Defendant's apparent decision not to participate in real settlement negotiations, Plaintiff proposes submitting a request for the transcript of the August 24, 2021 settlement conference proceedings. Since Judge Bibles' Minute Entry only included the notation that "Settlement has been reached," there was no follow-up agreement which the parties agreed. Defendant, in its draft of the proposed agreement documents created its own terms and conditions, as well as "agreed upon" provisions for the parties, alleging that these were generated out of the settlement conference.

Plaintiff proposes that this Court allow the transcript of the August 24, 2021 Settlement conference to resolve the issues, if possible, of material terms and conditions that may constitute the parties' settlement agreement.

In view of the prior proceedings, Defendant cannot argue that it is the "prevailing party" in this settlement agreement process. There has been no action litigating enforcement of the settlement agreement that would allow one party to be a prevailing party. In fact, Plaintiff has requested that the sentence, "the normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this Agreement," should be stricken from the proposed draft agreement. Defendant objects and refuses to agree to strike this language although the normal rule of contract law construction would require that ambiguities be construed against the drafter of the document. In this case, that drafter is Defendant ATS. If this

rule of contract law construction is not employed in this case, the alternative should be reliance on the settlement conference transcript to resolve the disputes of material terms and conditions.

Plaintiff agrees with Defendant that the Court can enforce a settlement based on the recording of the settlement conference memorializing terms and conditions to which they have agreed. Plaintiff submits that the Court should allow the transcript of the settlement conference to determine the terms and conditions that should be included in such a settlement agreement, to which the parties actually agreed and which they cannot now disagree.

For the foregoing reasons, Plaintiff, D'Andrea M. Turner respectfully requests this Court enter its Order:

A.  Denying Defendant's motion to enforce the proposed settlement agreement, pursuant to Defendant's drafted agreement;

B.  Approve the transcript of the August 24, 2021 settlement conference to determine the terms and conditions agreed to by the parties in settlement of the disputes of this case.

C.  Grant to Plaintiff costs and attorney's fees wrongfully incurred in preparation of the within objections to Defendant's motion.

D.  Grant to Plaintiff such other and further relief as this court deems equitable and just.

Dated this __4__ day of __October__, 2021.      Respectfully Submitted:

D'Andrea Michelle Turner,
Plaintiff, Pro Se
3842 West Glendale Avenue
Phoenix, Arizona 85051
Phone: 480.843.6434
dandreat75@gmail.com

## CERTIFICATE OF SERVICE

**D'Andrea M. Turner** hereby certifies that on the __4__ day of __October__, __2021__, she served the foregoing document by email and U.S. First-class mail, postage prepaid on:

Atty. Caroline Larsen
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
2415 e. Camelback Rd., Ste. 800
Phoenix, AZ 85016

_/s/ D'Andrea M. Turner_
D'Andrea M. Turner

# EXHIBIT "A"

 Gmail                                        Pro Realtor <dandreat75@gmail.com>

## Dandrea Turner Vs ATS
1 message

**Pro Realtor** <dandreat75@gmail.com>                           Thu, Aug 26, 2021 at 12:13 PM
To: "Larsen, Caroline" <caroline.larsen@ogletree.com>

To:     Atty. Caroline Larsen,

Regarding the settlement agreement and the notice of settlement to the judge, you should be advised that the proposed Joint Settlement Agreement that you sent me is quite long and cumbersome for a non-attorney like myself to read, decipher and understand. Also, I am not sure that the proposed agreement includes all terms that Judge Bibles indicated were to be included, or whether additional terms and conditions were inserted by you. Therefore, I am requesting a period of 7days       for me to review the agreement with a legal consultant so I can knowingly respond based on a real understanding of what I may be signing.

I plan to have this back to you within the above time period, if not sooner, with either my proposed revisions or my approval as currently written.

Sincerely,

D'Andrea Turner

--

Best Regard,
D'Andrea Turner, Realtor
**HomeSmart**
909-232-4376
480-8436434

Friday, September3, 2021

To:     Atty. Caroline Larsen,

Please accept the following as my proposed revisions of the **Confidential Settlement Agreement, Waiver, and General Release** that I received from you.

**PAGE 1.**
**4th "WHEREAS" Paragraph:**
    Line 1: After "differences Turner" Strike "purported to have" insert "had"
**Paragraph 1.**

    Line 1: Strike "Turner's agreement" Insert "the Parties' agreement "
    (this provision should apply to both parties)

    Line 6: After "($16,000.00), less" insert "attached itemized listing of"

    Lines 9 & 10: After "damages sought by Turner" Add "that resulted in net payment of $_____,"

**Sub-Paragraph 1a:**
Lines 5 & 6: After "Arizona A-4 forms" Strike "for Turner," Insert "from Turner."


**PAGE 2.**
**Paragraph 1b cont'd, Lines 4 & 5:**
        After "payments from" Strike " any of the Released Parties,"
        insert "ATS,"

**Paragraph 1c:**
    Line 12: After "this Agreement" Strike remainder of the paragraph.

**Paragraph 2: Line 3:**
        After "Payments to Turner" Strike "Turner agrees" insert "The Parties agree"

        Line 7: Strike "Turner also agrees, insert "The Parties also agree"

Line 8: Strike "she will take" insert "they will take";
        Strike "her obligations" insert "their obligations"

Line 9: Strike "cooperating with ATS" insert "cooperating each other"

**Paragraph 3:**
        Strike "entire paragraph" – Released Parties are not parties
        to this case and are unknown to Plaintiff

**Paragraph 4: Line 2:**
        Strike "discharges Released Parties" insert "discharges ATS"


**PAGE 3:**
**Paragraph 4 cont'd, Lines 3 & 4:**
        after "statement  of ATS" Strike "or of any individual cooperating with or acting In concert
        with ATS"
**Paragraph 4a, Lines 7 - 10:**
        strike "Employee Polygraph Protection Act"; "Immigration Control and Reform Act;"

1

"Genetic Information Non-Disclosure Act," "Families First Coronavirus Response Act," and "Arizona Medical Marijuana Act;"

Line 12: after "and/or any other" Insert "applicable"

Line 14: Strike "marital status, sexual orientation"

Paragraph 4b, Line 1: after "out of any other" insert "applicable"

Paragraph 4c, Line 1, After "any and all other" insert "applicable"

Paragraph 4d, Lines 5 & 6:
 after "claim against" Strike "any of the Released Parties."
 Insert, "ATS."

PAGE 4:
Paragraph 5, Lines 5 & 6;
 after "pursuant to which" Strike "Turner acknowledges and agrees that she has"
 insert "The Parties acknowledge and agree that they have"

Paragraph 5d, Line 1;
 After "in this Agreement," Strike "Turner has" insert "the Parties have"
 Lines 2 & 3, After "consideration identified in" Strike "paragraph 1 of"

Paragraph 5f,
 Requires clarification of "21-day period"

Paragraph 6, Line 2,
 After "permitted by law" Strike "Turner agrees" Insert "the Parties agree"

Lines 3 & 4, After "Claims against" Strike "any of the Released Parties. Turner further agrees"
 insert "each other. The Parties further agree"

Line 5: After "relief against" Strike "the Released Parties" insert "ATS"

PAGE 5:
Paragraph 6 cont'd, line 3,
 After "by this Agreement." strike "Turner agrees" insert "The Parties agree"

 Line 5, after "law relating to" strike "any possible claim that exists, or may have existed,"
 insert "any claim released or discharged pursuant to this Agreement,"

Paragraph 7, Line 12;
 After "and costs from" strike "any of the Released Parties." insert "ATS."

Paragraph 8, Line 1,
 Strike "Turner warrants that hereafter will not divulge"
 Insert "The Parties warrant that hereafter they will not divulge"
Line 3, strike "her lawyer(s)" insert "their lawyer(s)"

Line 7, after "assistance purposes" insert "or as required by law."

Line 10, after "prospective customers of" strike "any Released Parties." insert "ATS

Lines 10 – 16, beginning at "Turner agrees" strike the balance of the paragraph (vague and overbroad)

2

**Paragraph 9, Lines 1 & 2,**
 After "Subject to paragraph 7 above," strike "Turner shall not make any disparaging remarks about any of the Released Parties" insert "The Parties shall not make any disparaging remarks about the other party"

**Lines 4 - 6,** after "business of" strike "any of the Released Parties, or otherwise make remarks that may reflect negatively upon any of the Released Parties,"
 insert "the other party," or otherwise make remarks that may reflect negatively upon the other party."

**PAGE 6:**
**Paragraph 10, Line 4**
 After "(314) 985-8630." Insert "or whoever may then hold the position of current ATS Senior Manager of Labor & Employee Relations or the appropriate position."

**Paragraph 11, Lines 2 & 3,**
 after "future employment with" strike "any of the Released Parties, and further agrees she shall have no recourse against any of the Released Parties"
 insert "ATS, and further agrees she shall have no recourse against ATS"
**Line 7,** After "agree that the" strike "the Released Parties" insert "the Parties"

**Paragraph 12a.** strike the entire paragraph.

**Paragraph 12b.** strike the entire paragraph.

**Paragraph 12c.** Strike the entire paragraph or, alternatively, Strike all references to "Released Parties;" insert "ATS"

**PAGE 7:**

**Paragraph 13,** Strike all references to "Released Parties;" insert "ATS"
 Line s 7 & 8, strike entire sentence beginning "ATS specifically denies"

**Paragraph 14,** Strike all references to "Released Parties;" insert "ATS";

**Paragraph 16,** Strike the entire paragraph

**Paragraph 17, Lines 4-6,** strike the entire sentence, "The normal rule of Construction that ambiguities shall be construed against the Drafter shall not be employed in the interpretation of this Agreement."

**Line 7,** strike "the Released Parties,"

**PAGE 8:**

Dated: 9/3/2021           *[signature]*
                        **D'Andrea M. Turner**

3

entities termed "Released Parties," it also believes that I should agree that any and all rights, claims or causes of actions that another party or parties may have on my behalf cannot be assigned to another party. I object to this entire paragraph as an unacceptable one-way ATS claim.

**Page 9 –**
Paragraph 17 – Approximately line 4, strike the entire sentence "The normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this Agreement." Obviously, this construction is the normal rule of contract law construction. There is no reason for me to waive this provision. Also, I continue my ongoing objections to the term "Released Parties" and I propose that "Released Parties" be changed to "ATS" where that party is appropriate

Dated: 9/3/2021

Plaintiff, D'Andrea M. Turner

Date 9/13/2021   "Via Email"

Dear Atty. Larson,

    I have reviewed your response to my proposed revisions to your Confidential Settlement Agreement, and I was disappointed with your reaction. I was under the impression that an "agreement" is supposed to be a result of acknowledgments of both parties in attempting to settle a dispute. Instead, it seems you are proposing your draft of the agreement as an Order that was to be accepted without any negotiation.

    As you acknowledged, I did not object to ATS' $16,000.00 settlement offer. However, there were quite a number of terms and conditions in your document that I had never heard of, much less agreed to. The revisions I suggested I think reflected more of agreement on the part of both of the parties than of "Turner" only, as your draft stated. Moreover, there were parties, such as "Released Parties" included in your draft that, to my knowledge, were not parties to our case, and had no rights or privileges to be included in our agreement. Although you memo stated that you "have always maintained" that the agreement "must extend to all related entities," your response still did not identify who those unidentified parties are, how they are related, or what part they are supposed to have played in our case.

    Your memo also stated the settlement conference we both attended was recorded in the event of a question regarding the terms of settlement. Although I attended and listened with my understanding as a pro se litigant, and your understanding was obviously as an attorney, many of the terms and conditions in your draft were not terms, conditions or understandings that I recall being discussed and agreed upon at the conference. A review of the recorded conference might be beneficial to an understanding of what terms and conditions were actually agreed to, and which ones may be appearing for the first time in your draft agreement.

    I have submitted my proposed revisions in a good faith attempt to further resolution of our disputes, and I am proceeding that you are doing the same. I will submit the requested tax forms to you as soon as possible, and I look forward to receiving your response to this memo. Perhaps our only solution may be the recorded settlement conference.

Sincerely,
DT

# EXHIBIT "B"

Sunday, September 26, 2021

Ms. Larson,

Please regard this as my response to your recent communications regarding our Confidential Settlement Agreement. First, as you noted, I suggested a number of revisions to your original draft of the agreement. Your 9/20/21 memo stated you incorporated several of my requested revisions and that you explained the basis for your objections to revisions I requested that you did not accept. This was obviously not a true statement. Your original draft consisted of 8 pages, and my suggested revisions were specific and mostly self-explanatory. However, you disregarded many of my suggested revisions, without explanation or question, and you actually added additional provisions to create 4 more pages to the original document. Following you will find my proposed revisions to your re-drafted document, with my reasons and explanations for the proposals; I request your response.

**Page 1**
4th Whereas paragraph, I suggested changing my ATS disputes which you drafted as ones I "purported to have" to ones I had, which was to say, I had disputes with ATS which were actual, not "purported." You disregarded this proposal without explanation.

Paragraph 1 – I proposed that our settlement amount should be consideration for both parties' agreements (as I suggested throughout the agreement); you consistently maintained that the agreements were mine only, not ATS.

Paragraph 1b. - Throughout the agreement, I have suggested that the term "Released Parties" be changed to "ATS." Your statement that you cannot understand my objection to this term is perplexing. As you know, prior to this agreement, the term "Released Parties" has not been used or defined to describe anyone or any entity in our case. Neither Released Parties, nor the relationship of any of them to either of the parties, has ever been stated or explained. Also, Released Parties cannot be included as a defined agreement term by ATS only. If you name and define all individuals of the "Released Parties," including its or their relationship to either of the parties, we may be able to agree if they should be included as parties in this agreement.

**Page 2**
Paragraph 1c. – Approximately lower 1/4 of the paragraph, beginning with "(iii) Turner shall indemnify," the balance of the paragraph should be stricken because I do not agree, will not agree, nor did I ever agree, to indemnify and hold ATS harmless for claims for which ATS may be liable as a result of the settlement agreement. I may be responsible for my own attorney's fees and my own expenses; however, it is not even reasonable that I should also be responsible for payments or expenses ATS may incur based on its participation in the events leading to this agreement, or to its considerations made in the agreement.

Paragraph 3. The entire paragraph should be stricken unless, and until, the explanations related to "Released Parties" discussed above can be determined and agreed upon.

Paragraph 4. Strike "discharges Released Parties" change to "discharges ATS"

**Page 3**
Paragraph 4 (cont'd) - Approximately line 7, following "statement of ATS," strike the following language, "or of any individual cooperating with or acting in concert with ATS." As with the term "Released Parties," this language relates to persons or entities that are unknown to me and have no known relationship with either of the parties, or had any participation in any aspect of this case.

Paragraph 4a. I proposed that all Acts, statutes or other provisions that are irrelevant to our case should not be included in this agreement. I listed the following "Employee Polygraph Protection Act; "Immigration Control and Reform Act; "Genetic Information Non-Disclosure Act;" "Families First Coronavirus Response Act;" and "Arizona Medical Marijuana Act." Also excluded should be "marital status, sexual orientation."

Paragraph 4d. – Last line - change "claim against any of the Released Parties" to "claim against ATS."

**Page 5 –**
Paragraph 5. – This paragraph and its sub-paragraphs should all be stricken as superfluous and unnecessary. The Age Discrimination Act is already included in Paragraph 4a and the Older Workers Benefit Act should also be included in that same section. The fact that you included the sentence - "Turner acknowledges and agrees that she has signed this Agreement voluntarily, and with full knowledge of its consequences;" along with sub-paragraphs 5a - "This Agreement has been written in a manner that is calculated to be understood, and is understood, by Turner" and 5e – "Turner has been advised in writing that she should consult with an attorney of her own choosing prior to executing this Agreement;" should all be true, which should allow my input and suggestions to its writing (after consultation with my attorney consultant(s).

With the above proposals, my additional suggestions are: (1) the next to last sentence of Paragraph 5 should read "Turner and ATS acknowledge and agree that they have signed this Agreement and agree as follows:"
Paragraph 5a. – should reflect that the agreement is calculated to be understood, and it is understood by the parties;
Paragraph 5b. – should be stricken – see Paragraph 4a;
Paragraph 5c. – should be stricken – see Paragraph 4a;
Paragraph 5d. – should be revised to reflect that, except as provided in this Agreement, neither party has any right or claim, contractual or otherwise to any consideration identified in this Agreement;
Paragraph 5f. – I was not aware of the 21-day period for me to sign the Agreement; my question, when does the 21-day period begin and end? Also, in the next to last line, the word "by" should be inserted between the words "upon" and "the parties."

Paragraph 6 – Covenants should be written as mirror agreements of both parties. Acknowledgements and agreements on the part of one party should apply to the other party as well. This eliminates the need for the additional unidentified sub-paragraph under Paragraph 6. I also propose elimination of all provisions for rights or promises to the phantom "Released Parties;" to change to "ATS" where appropriate.

2

**Page 6** –
Paragraph 7 – Approximately line 12, strike "Released Parties" change to "ATS."

Paragraph 8 – Line 1, change "Turner warrants that hereafter __ will not divulge any information concerning the Lawsuit or this Agreement, including that any payment was made, to anyone except her lawyer(s) …" to "Turner and ATS warrant that hereafter they will not divulge any information concerning the Lawsuit or this Agreement, including that any payment was made, to anyone except their lawyer(s) …"
Approximately line 10, change "customers of any Released Parties" to "customers of ATS."
Approximately line 12, beginning "If Turner is required …," strike the balance of the paragraph as vague and overbroad obligations of Turner.

**Page 7/8** –
Paragraph 9 – This paragraph, as Paragraph 6, should be written as mirror agreements of both parties. Also, eliminate all provisions for rights or promises to the phantom "Released Parties;" change to "ATS" where that party is appropriate.

Paragraph 11 – As suggested in preceding paragraphs, without a definitional explanation of the term "Released Parties" that clearly identifies who these parties are, and that they are agreed to by Turner, all references to "Released Parties" should be changed to "ATS" where that party is appropriate.

Paragraphs 12a, - This paragraph should be stricken because as set forth above for Paragraph 2, I cannot agree, will not agree, nor did I ever agree, to indemnify and hold ATS (or even more so the "Released Parties") harmless for any claims for which ATS may be liable as a result of this settlement agreement.

Paragraph 12b, - This paragraph should be stricken because I know of no reason why I should waive any rights I may have under Medicare benefit rights.

Paragraph 12c – This provision is not correct, and should be stricken, since I have submitted to ATS my claim for illness and/or injury arising out of my employment with ATS; however, I have no medical expenses paid for by Medicare because I am not eligible for Medicare benefits; moreover, all references to "Released Parties" should be changed to "ATS" where that party is appropriate;

Paragraph 13 - Without a definitional explanation of the term "Released Parties" clearly identifying who these parties are, and that they are agreed to by Turner, all references to "Released Parties" should be stricken and changed to "ATS" where that party is appropriate. Moreover, I also object to the provision that the agreement is not, and shall not in any way, be construed as an admission by (ATS) of any acts of liability or fault whatsoever with respect to Turner, or that any other person or that (ATS) violated any federal, state, or local law, or that any actions by (ATS) were discriminatory, retaliatory, or otherwise unlawful, and instead constitutes the good faith settlement of disputed and unresolved claims.
I also propose that the sentence (second from last) beginning "ATS specifically denies …" should be stricken in its entirety.

Paragraph 14 – Pursuant to objections noted above, all references to "Released Parties" should be stricken and changed to "ATS" where that party is appropriate.

Paragraph 16 – This paragraph should be stricken as objectionable because although ATS believes it has the right to assign rights, obligations and other matters to yet unidentified, undefined persons or

D'Andrea Michelle Turner
3842 West Glendale Avenue
Phoenix, Arizona 85051
Phone: 480.843.6434
dandreat75@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner, | No. 2:20-cv-00775-SMB |
| Plaintiff Pro Se, | |
| v. | PLAINTIFF'S PROPOSED ORDER |
| Airport Terminal Services, Inc. | |
| Defendant. | |

The Court having considered Defendant's Motion and Plaintiff's Objections to Enforce The Settlement Agreement, and good cause appearing,

IT IS ORDERED denying Defendant's Motion to Enforce the Settlement Agreement; and it is further

ORDERED that the parties shall obtain the transcript of the August 24, 2021 Settlement Conference to determine the terms and conditions of a Settlement Agreement

By _____, 2021.