Caroline Larsen, SBN 022547
Andrew Soukhome, SBN 036729
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
caroline.larsen@ogletree.com
andrew.soukhome@ogleetree.com

Attorneys for Defendant Airport Terminal Services, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| D'Andrea Michelle Turner,<br><br>    Plaintiff,<br><br>    v.<br><br>Airport Terminal Services, Inc.<br><br>    Defendant. | No. 2:20-cv-00775-SMB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

Pursuant to this Court's Order (Dkt. 70), Defendant Airport Terminal Services, Inc. ("ATS") submits its Reply in Support of its Motion to Enforce Settlement Agreement. Dkt. 57. The Settlement Agreement at issue, lodged under seal at Dkt. 59, is an unambiguous, voluntary, general release of claims with standard terms and provisions common to settlement agreements. Plaintiff argues that the parties (1) did not agree to a valid, enforceable agreement because "[n]o document was proposed, and the parties did not agree to any document as their agreement, at settlement conference;" and (2) that the Settlement Agreement contains provisions that Plaintiff claims she did not agree to, and does not include terms that Plaintiff demanded after the parties reached an agreement to settle at the settlement conference. Dkt. 62. Notably, Plaintiff admits that the parties did, in fact, agree to settle the case at the August 24, 2021 settlement conference. Dkt. 62 at pp. 5-6. That agreement is binding and enforceable even though the parties did not execute

a written agreement during the conference. As for Plaintiff's objections to the terms of the Settlement Agreement proposed by ATS, most of the terms at issue are necessary to ensure a final resolution of all matters raised in this action. Plaintiff's objections do not evidence any invalidity as to the formation of the Settlement Agreement, or prevent this Court from enforcing it.

### A. Plaintiff admits the parties reached an agreement to settle at the settlement conference.

First, the parties did reach a valid and enforceable agreement at the August 24, 2021 settlement conference. As explained in detail in ATS' Motion, the validity and enforcement of settlement agreements that release rights under federal statutes dealing with the employer-employee relationship or civil rights claims are governed by general principles of contract and federal common law. *Hisel v. Upchurch*, 797 F. Supp. 1509, 1517-19 (D. Ariz. 1992). All of the elements required to create a valid and enforceable contract were satisfied in this case. During the settlement conference, ATS extended a clear offer to resolve this matter, which Plaintiff accepted in exchange for consideration to which she would not otherwise be entitled. The parties clearly manifested their objective intent to be bound by the settlement, which was confirmed in the minute entry entered by the Court stating that "[s]ettlement has been reached." Dkt. 53. Plaintiff never refuted or objected to the Court's minute entry.

Most importantly, Plaintiff concedes in her Response that the parties agreed to settle the case: "Plaintiff also agrees that at the settlement conference, the parties agreed the case should be settled, and the Court memorialized that settlement in Dkt. 53 with only with the writing, 'Settlement was reached.'" Dkt. 62 at pp. 1-2. *See also* Dkt. 62 at p. 4 ("The parties only agreed to settle the case, as documented by Judge Bible's Dkt. 53 Minute Entry."); *id.* at pp. 6-7 ("[T]he parties agreed at the settlement conference that the case should be settled . . ."). It is immaterial that the parties did not sign a written agreement at the settlement conference. "[I]t is well-established than an oral settlement agreement is binding on the parties. . . ." *Sargent v. Dep't of Health & Hum. Servs.*, 229 F.3d 1088, 1090 (Fed.

2

1 Cir. 2000) (citations omitted); *see also Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1145
2 (9th Cir. 1977) ("A settlement agreement may be binding, in some circumstances, even if
3 it is an oral one."). Plaintiff's claim that the parties did not enter into a binding agreement
4 is rebutted by her own admission that the parties agreed to resolve the case.

**B.     Plaintiff unreasonably objects to numerous standard, necessary settlement terms in the agreement.**

Here, Plaintiff cannot meet her burden to show that the agreement "is tainted with invalidity." *Hisel*, 797 F. Supp. at 1518 (citations omitted). Plaintiff argues that the Settlement Agreement contains terms to which the parties did not agree. However, most of the terms to which she objects are straightforward, standard terms that are necessary to effect the parties' agreement to reach a full and final resolution of all claims that Plaintiff raised, or could have raised, in this action.

For example, Plaintiff insists that paragraph 5 of the Settlement Agreement should be stricken; however, that paragraph contains the express terms that are required for the parties to effect a valid release of Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA"), in compliance with the Older Benefits Workers Protection Act, 29 U.S.C. § 626(f) ("OBWPA"). *See* Dkt. 62, Exh. B at p. 18; Dkt. 59 at ¶ 5; First Amended Complaint, Dkt. 17 at ¶¶ 48-52. Plaintiff also objects to the paragraph of the Settlement Agreement that clarifies that the settlement does not reflect that ATS admits to any liability or fault with respect to Turner. *See* Dkt. 62, Exh. B at p. 19; Dkt. 59 at ¶ 13. Again, this is a standard term that reflects that a settlement is an agreement to compromise, not a finding or admission of any fault or liability, and does not constitute a deviation from the terms to which the parties agreed at the settlement conference. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002) (holding that district court did not abuse its discretion by enforcing written settlement agreement that spelled out terms to which parties agreed during settlement negotiations held in court, and agreement contained very standard release clause and did not represent any overreaching by defendant).

Plaintiff also objects to terms that require her to assume any responsibility for financial liabilities that may arise from the payment of any settlement proceeds to her. Paragraph 1(c) of the Settlement Agreement states that she assumes all liability for any taxes owed as a result of any payment to her, as well as any resulting penalties if she fails to pay such taxes. Dkt. 59 at ¶ 1(c). Paragraph 12(a) of the Settlement Agreement states that Plaintiff will indemnify ATS for any claim or liability if any governmental entity determines that any settlement proceeds paid to Plaintiff should have been paid to reimburse Medicare or Medicaid. Dkt. 59 at ¶ 12(a). ATS simply cannot know if Plaintiff has any potential liability for any payments made by Medicare or Medicaid on her behalf, and should not have to bear the risk of liability for Plaintiff's failure to tender any payments to the appropriate governmental entity.

Plaintiff also disputes the use of the term "Released Parties" throughout the Settlement Agreement, claiming that the term was never discussed or defined. In fact, the term is defined in the Settlement Agreement to include ATS and its parents, successors, predecessors, divisions, subsidiaries and former subsidiaries, related companies and affiliates, and its current and former officers, directors, employees, etc. ATS' counsel offered include a more specific definition that identifies ATS' affiliated companies. Plaintiff acknowledges ATS' offer to include a definition of Released Parties in her Response (Dkt. 62 at p. 3), in direct contradiction of her claim that ATS is "apparently refusing to define or explain terms like 'Released Parties.'" Plaintiff provides no explanation whatsoever for her refusal to consent to an agreement that ensures that all potential parties against whom she could assert any claims related to her employment at ATS are released by the Settlement Agreement.

**C.  Plaintiff is attempting to insert additional terms to which ATS never agreed.**

Lastly, Plaintiff objects to executing the Settlement Agreement because ATS has declined to add numerous additional terms that Plaintiff never raised during the settlement conference and to which ATS never agreed to be bound. For example, Plaintiff demanded that numerous terms be mutual, including the covenant not to sue, confidentiality provision,

4

and non-disparagement clause. However, Plaintiff did not propose these terms until <u>after</u> the settlement conference, and she cannot point to ATS' unwillingness to consent to her numerous post-settlement conference demands as evidence that a meeting of the minds was lacking *during* settlement conference. The terms and provisions contained in the Settlement Agreement are common, necessary terms in settlement agreements, were communicated to Plaintiff, and/or have been defined or explained to her. Plaintiff's demands and objections reflect her mistaken belief that the Settlement Agreement is part of the process of negotiating settlement terms, rather than a vehicle for finalizing the terms that the parties already agreed to at the settlement conference.[1] *See Nesbitt v. City of Bullhead City*, No. CV-18-08354-PCT-DJH, 2020 WL 6262396, at *4 (D. Ariz. Oct. 23, 2020) (noting that, "[w]hen parties intend to be bound by an agreement, even though some terms remain to be discussed, the law favors enforcement") (citations omitted). Here, where Plaintiff objects to the settlement terms that after the parties agreed to a settlement, the Court may rightfully deny such objections. *Est. of Studnek by & Through Studnek v. Ambassador of Glob. Missions UN Ltd. His Successors*, No. CIV-04-0595-PHX-MHM, 2007 WL 9724107, at *3 (D. Ariz. Apr. 11, 2007) (citing *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144 (9th Cir. 1977)).

The parties entered into an enforceable agreement to settle this case during the August 24, 2021 settlement conference, and the Settlement Agreement fairly and fully reflects the terms necessary to consummate that settlement. For the foregoing reasons, ATS respectfully requests that this Court enforce the Settlement Agreement lodged under seal as ECF No. 59, and award ATS its attorneys' fees in connection with this Motion.

---

[1] Plaintiff incorrectly states that ATS provided a second draft of the Settlement Agreement that included new terms and increased the document from eight pages to twelve pages. ATS did provide a second draft of the Agreement that included some of Plaintiff's requested revisions, in the interest of compromise, but did not significantly lengthen the Agreement. The annotated draft of the revised Settlement Agreement was longer simply because the final pages included text boxes summarizing the tracked changes to the document. *See* Dkt. 59.

RESPECTFULLY SUBMITTED this 21st day of October 2021.

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

          By: s/ Caroline Larsen
             Caroline Larsen
             Andrew Soukhome
             2415 East Camelback Road, Suite 800
             Phoenix, AZ 85016

          Attorneys for Defendant Airport Terminal Services, Inc.

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October 2021, I transmitted the foregoing document by email and U.S. mail to:

D'Andrea Michelle Turner
3842 W. Glendale
Phoenix, AZ 85051
Dandreat75@gmail.com

*Plaintiff pro se*

s/ Diane Kelly

48997884.v2-OGLETREE

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700